(No. 13732.—Judgment reversed.)

THE CENTRALIA COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(DOCK WILLIS, Defendant in Error.)

*Opinion filed April 21, 1921.*

WORKMEN'S COMPENSATION—*Industrial Commission cannot set aside the former decision because it was erroneous.* Proceedings before the Industrial Commission are wholly statutory and the authority of the commission is limited to that granted by the Compensation act, and the commission has no authority, after denying compensation, to review such decision upon the filing of another petition and substitute another decision in its stead on the ground that the former decision was erroneous.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. THOMAS E. FORD, Judge, presiding.

FRANK F. NOLEMAN, JUNE C. SMITH, and ANDREW J. DALLSTREAM, for plaintiff in error.

A. W. KERR, and FRED H. KRUGER, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

October 29, 1917, defendant in error received an injury to his left eye while employed by plaintiff in error in one of its mines at Centralia, Illinois. As a result of the injury he was incapacitated for about six weeks. He returned to work about the middle of December, 1917. At the time of the hearing before the Industrial Commission he was still employed by the same employer and was receiving more compensation than he was at the time he was injured. February 2, 1918, the plaintiff in error paid him $95,—$25 for medical attention and five weeks' compensation at $14 a week. August 31, 1918, he served a written demand on plaintiff in error for payment of compensation for loss of sight of his left eye. October 28, 1918, he filed a petition with the Industrial Commission for compensation under item 16 of paragraph (*e*) of section 8 of the Workmen's Compensation act. A hearing was had on this petition before an arbitrator, and on December 3, 1918, he was refused compensation on the ground that a demand for compensation had not been made within the time required by section 24 of the act. On appeal the Industrial Commission affirmed the decision of the arbitrator. This decision of the Industrial Commission has not been reviewed in accordance with the provisions of the act and has therefore become final and binding upon the parties.

May 9, 1919, defendant in error filed with the Industrial Commission the following petition for review: .

"Petitioner, Dock Willis, of Centralia, Ill., respectfully represents that on the third day of December, 1918, at Centralia, Illinois, an agreement (or award, as the case may be,) was duly made in the above entitled matter of compensation due petitioner from respondent growing out of an accidental injury arising out of and in the course of the employment of petitioner as an employee of respond-

ent.  Petitioner further represents that said award should
be reviewed by your honorable Industrial Board upon the
ground that the disability of ......... has subsequent to
the date of said award increased."

The petition then concludes with a prayer for an in-
crease of compensation.  The Industrial Commission en-
tered the following decision on review:

"Petition for review as provided in section 8, para-
graph (*d*), of the act having been filed by the applicant
herein and due notice given, the above entitled cause came
on for hearing before the Industrial Commission of Illi-
nois at the city hall in the city of Centralia, Illinois, on the
third day of September, A. D. 1919.  Upon consideration
of the record before the arbitrator and additional testimony
offered upon review, the commission is of the opinion the
decisions heretofore entered were in error and are there-
fore hereby set aside and the following decisions substituted
in their stead.  The commission finds:  * * *

"*Fourth*—That the respondent had proper notice of said
accident and that claim for compensation was made with-
in the time prescribed by law.  * * *

"*Tenth*—That the applicant, after he recovered from
his injuries, returned to work for the same employer in
whose employ he was at the time of the accident and is
in the employ of the same employer at this time.

"*Eleventh*—That subsequent to the hearing before the
arbitrator the disability of the applicant herein increased."

The commission thereupon made its award of compen-
sation at $14 a week for a period of 100 weeks.  This de-
cision was affirmed by the circuit court of Marion county
on *certiorari,* and leave has been granted to prosecute this
writ of error to review that judgment.

Defendant in error urges that "this is not a review of
an original proceeding for compensation but a review on a
petition filed by injured for increased disability under par-
agraph (*h*) of section 19, which reads as follows:  'An

agreement or award under this act * * * may at any time within eighteen months after such agreement or award be reviewed by the Industrial Commission at the request of either the employer or the employee on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended.' "

There was an agreement between the parties February 2, 1918, and it is contended that this proceeding is to review that agreement. We are unable to see how this position can be maintained. The petition filed by defendant in error specifically states that the proceeding is to review the decision of the arbitrator filed December 3, 1918, and the decision of the commission on review specifically states that the proceedings are had under paragraph (*d*) of section 8. This decision on review shows on its face that the commission actually reviewed its former decision and set it aside and substituted the decision now in question in its stead. Whether the first decision of the commission entered April 23, 1919, precludes defendant in error from a review, under the provisions of paragraph (*h*) of section 19, of the agreement for compensation had between the parties February 2, 1918, is not before us for decision. No attempt has been made to review this agreement, and the commission has not been called upon to determine whether the injury has increased since that agreement was made. The decision of the commission entered April 23, 1919, was *res judicata* of the questions there presented, and it had no authority, under the statute, on a subsequent hearing, to review and set aside that decision. The proceedings before the Industrial Commission are wholly statutory and its authority is limited to that granted it by the Workmen's Compensation act.

The judgment must therefore be reversed and the decision of the commission set aside.    *Judgment reversed.*