(No. 21929.—

NELSON J. COLE *et al.* Plaintiffs in Error, *vs.* THE INDUS- TRIAL COMMISSION *et al.*—(ZELAH THEWS, Defendant in Error.)

*Opinion filed October 21, 1933.*

J. L. BURDEN, and FRANK J. & JAMES T. BURNS, for plaintiffs in error.

CHARLES W. KURTZ, for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

On June 22, 1931, Fred Thews sustained an accidental injury arising out of and in the course of his employment by plaintiffs in error, Nelson J. Cole, Harvey S. Cole and Norman A. Cole, co-partners doing business under the name of Nelson J. Cole & Sons, herein called the employers. The injury occurred in Kankakee county, Illinois, where the employers were engaged in the construction of drainage works. As a result of the injuries the employee died the day following the injury. An application for compensation was filed with the Industrial Commission by defendant in error, Zelah Thews, widow of the deceased, for the benefit of herself and her two minor children. An award in her favor entered by an arbitrator was confirmed by the Industrial Commission and by the circuit court of Kankakee county on review. This court has allowed a writ of error for a further review of the record.

The only defense advanced by the employers to the claim for compensation, and the only reason assigned in this court for reversal of the judgment of the circuit court, is that the rights of defendant in error and the liability of the employers are governed and limited by the Workmen's Compensation act of Indiana.

There is no dispute about the facts and they are substantially as follows: The employers reside in Indiana and are engaged in the business of contracting. They have offices in several cities, but the central headquarters of the firm is at Ligonier, Indiana. The deceased and his family were residents of Indiana and the contract of employment was made there. In the year 1930 the deceased was engaged by the employers in work being done by them in

Indiana. That work was completed in December of 1930. In 1931 the employers had no work in Indiana but contracted to do work in Kankakee county, Illinois. The employers hired the deceased to work for them on that job. He started to work about the 21st day of May, 1931, at Wakarusa, Indiana, where certain machinery of the employers was then located. He repaired the machinery and helped load it on a railroad car to be shipped to Illinois for use there. He worked at Wakarusa for about four days, and thereafter, until he was injured, worked for the employers in Kankakee county, in this State. The employers, prior to the accident, had obtained a policy of insurance in the Ocean Accident and Guaranty Corporation, Limited, covering their liability to pay compensation under the Workmen's Compensation act of the State of Indiana, and had also taken out a policy of insurance issued by the Great American Indemnity Company covering their liability to pay compensation under the Workmen's Compensation act of Illinois. Both of these policies of insurance were in force at the time of the accident to the employee.

In the circuit court a stipulation was entered into between the parties that at the time of the death of the deceased the employers were insured by the Ocean Accident and Guaranty Corporation against liability under the Indiana Workmen's Compensation act; that there was pending before the Industrial Commission of Indiana a petition filed by the Great American Indemnity Company to have compensation awarded to defendant in error for the death of deceased under the Indiana law; that some of the proceedings in that case were had after the award to defendant in error was made by the Industrial Commission of Illinois; that said proceedings stood in abeyance pending the decision of the circuit court in this case; that in the proceedings in Indiana, Nelson J. Cole testified to certain facts, his testimony being set out in the stipulation; that at the time of decedent's employment, and at all times sub-

sequent thereto, there was in force and effect in Indiana a Workmen's Compensation act, and that section 20 of said act is as follows: "Every employer and employee under this act shall be bound by the provisions hereof whether injury by accident or death resulting from said injury occurs within the State or some other State or in a foreign country."

It is contended by the employers that under the full faith and credit provision of the Federal constitution the rights and remedies of the employee or his representatives for compensation in this case are controlled by the Compensation act of Indiana. Section 6 of that statute provides that "the rights and remedies herein granted to an employee subject to this act on account of personal injuries or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death." The question of the applicability of such a statute in a case where the employee is injured in a State other than the one in which the contract of employment was made was decided in *Bradford Electric Light Co.* v. *Clapper*, 286 U. S. 145. In that case the contract of employment was entered into in Vermont, where both employer and employee resided. The employee was at the time of his injury engaged in work being performed in New Hampshire. The New Hampshire act permitted the employee or his representative the right of election either to sue in an action of tort or to seek an award under the Compensation act. The representative elected to sue in tort. As a defense to the action the employer invoked the full faith and credit clause of the Federal constitution and set up as a special defense that the action was barred by the Vermont Compensation act, which provided that "the rights and remedies granted by the provisions of this chapter [Workmen's Compensation act] to an employee on account of a personal injury for which

he is entitled to compensation * * * shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury." The Vermont act and the Indiana act are virtually the same in respect to the exclusion of all rights and remedies other than those afforded by the act itself. Mr. Justice Brandeis, commenting on the effect of the statute in a case where the employee was injured in another State, said: "It clearly was the purpose of the Vermont case to preclude any recovery by proceedings brought in another State for injury received in the course of a Vermont employment. The provisions of the act leave no room for construction." It was contended that if the full faith and credit clause should be held applicable to the facts in that case it would give extra-territorial effect to the act, whereas a State's power to legislate is limited to its own territory, but the court said the power of Vermont to effect legal consequences by legislation is not limited strictly to occurrences within its boundaries. It has power through its own tribunals to grant compensation to local employees, locally employed, for injury received outside its borders, and likewise has power to exclude from its own courts proceedings for any other form of relief for such injury. The mere recognition by the courts of one State that parties by their conduct have subjected themselves to certain obligations arising under the law of another State is not to be deemed an extra-territorial application of the law of the State creating the obligation. The decision of the United States Supreme Court was, that under the full faith and credit provision of the Federal constitution the rights as between the employer and employee or his representatives are to be determind according to the Vermont act. The judgment of the New Hampshire court was accordingly reversed.

No substantial distinction is to be made between the law and the facts in the *Clapper case, supra,* and in the

instant case. The contract of employment herein having been entered into in the State of Indiana between parties who were subject to the terms of the Indiana Compensation act, the provisions of the act for an exclusive remedy under it must prevail. No other remedy is available. *Johnston* v. *Industrial Com.* 352 Ill. 74.

The judgment of the circuit court of Kankakee county confirming the award is therefore reversed and the application for compensation as filed with the Industrial Commission is dismissed.

*Judgment reversed and application dismissed.*