WISCONSIN BRIDGE & IRON COMPANY, Appellant, vs. IN-
DUSTRIAL COMMISSION and another, Respondents.

*June 3—June 22, 1936.*

For the appellant there was a brief by *Mason, Priestley & Burke* of Madison, and oral argument by *Thomas N. Burke*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan*.

FOWLER, J. This is a workmen's compensation case. Parents of a deceased employee of the plaintiff applied for death benefits on the ground of dependency, and their petition was granted.

The appellant's main contention is that the conclusion of the commission that the employer and employee were subject to the Wisconsin Compensation Act is one of law not supported by the facts found by the commission or shown by the evidence. The appellant is correct in its contention that the conclusion of the commission in the respect stated is subject to review. *Tesch v. Industrial Comm.* 200 Wis. 616, 229 N. W. 194. But the findings of fact made by the commission are supported by the evidence, and the facts found support the conclusion reached. The employer and employee were both residents of Wisconsin, and the employee was killed while at work in Louisiana pursuant to his contract. His contract of employment was made in this state. This brings him within the rule of *Val Blatz Brewing Co. v. Industrial Comm.* 201 Wis. 474, 230 N. W. 622, and *Jutton-Kelly Co. v. Industrial Comm.* 220 Wis. 127, 264 N. W. 630. These facts alone justify the conclusion that the employer and employee were subject to the act. The commission was also of the view that the deceased employee had the status of an employee whose employment had not terminated,

but continued although temporarily not at work for want of work for him to do, under the rule of *Wisconsin Granite Co. v. Industrial Comm.* 214 Wis. 328, 252 N. W. 155, but this point we do not consider.

The evidentiary facts, besides those above stated, supporting the conclusion that the contract of employment pursuant to which the deceased was engaged when killed, was made in Wisconsin, are as follows: The company had a superintendent on a job in Louisiana who had the power to hire employees needed for the job and to discharge them. The deceased employee had been employed by the company for many years when it had jobs for him to work upon. He was free to work for others when not working for the company, and free to work or not work for the company. The company was a Wisconsin corporation and had its principal office in Milwaukee. The superintendent on the Louisiana job sent word to the Milwaukee office that he wanted the deceased on the job. The Milwaukee office telegraphed the deceased at his residence in Appleton to report at the Milwaukee office. He so reported, and was directed at the office to go to Paducah, Kentucky, to get some company tools there and take them on to the Louisiana job, where the superintendent of the job wanted him. He was engaged at Paducah for a few days, and then took the tools to New Orleans, where the Louisiana job was in progress. The company reimbursed him his fare on these trips, and his pay began the day after he left Milwaukee. There is evidence to support the inference that, had the superintendent on the job not wanted him, he would have put him to work on his being sent by the Milwaukee office to Louisiana to work on it. We consider that all this supports the inference that the contract of employment was made in Wisconsin, although it does not appear that anything was said at the Milwaukee office as to the wage the employee was to receive. That may well have

been understood between the parties without special mention because of the long course of the deceased's previous employment with the company. Stress is laid by appellant on the fact that the deceased did no work in Wisconsin, and that his pay began on his reaching Paducah. This does not preclude the inference that the contract of employment was made at Milwaukee, and it is this fact in connection with the others that fixes the application of the Wisconsin act.

The parents of the deceased were found to be partially dependent upon the deceased. The evidence supports this conclusion. On the basis of partial dependency the award was properly made. The parents inherited from the deceased an estate of $22,000. It is claimed that, as the parents received more from the deceased by inheritance than they would have received from him had he continued to live and continued their partial support, the parents ought not to receive anything further. Perhaps this is true as a matter of abstract justice. But the parents' rights rest upon the statute (sec. 102.48 (1)). The statute applies generally to all cases of partial dependence. It does not except cases where the beneficiary inherits from the deceased. The statute, not abstract principles of justice, fixes the rights of the parents.

It is also claimed that, as the inheritance of the parents removes the liability of the public for their support, which was stated in the *Val Blatz Case, supra*, as a reason for the rule there laid down that our compensation act applies where a contract of employment of a resident of the state is made in the state and he is killed outside the state while engaged pursuant to the contract, the rule of that case should not be applied. It is doubtless true that, generally speaking, a rule of court-made law does not apply to situations where the reason for the rule given by the court does not apply. But we are here dealing with a statute. A statute applies regardless of the reason back of it, unless void for absolute unreason-

ableness. As said above in respect of want of need of the statute to protect the parents in the instant case because of their inheritance, the statute applies, notwithstanding absence of probability that the public will ever be called upon to support the instant applicants.

It is also claimed that it does not appear but the applicants will yet be awarded recovery under the Louisiana Workmen's Compensation Act. Application was made in both states for compensation under their respective acts. The administrating board under the Louisiana act denied application of the Louisiana act on the ground that the parents were not dependents because of their inheritance. This award is under process of review. If an award is eventually made under the Louisiana act, the amount of it when paid must be credited upon the instant award. *Salvation Army v. Industrial Comm.* 219 Wis. 343, 263 N. W. 349. This matter may be taken care of by an order at the foot of the judgment when judgment is entered upon the award pursuant to sec. 102.20, Stats., which provides as follows:

"Either party may present a certified copy of the award to the circuit court for any county, whereupon said court shall, without notice, render judgment in accordance therewith; such judgment shall have the same effect as though rendered in an action tried and determined by said court, and shall, with like effect, be entered and docketed."

*By the Court.*—The judgment of the circuit court is affirmed.