## INDUSTRIAL COMMISSION OF WISCONSIN ET AL. *v.* McCARTIN ET AL.

No. 270.   Argued January 17, 1947.—Decided March 31, 1947.

*Mortimer Levitan,* Assistant Attorney General of Wisconsin, argued the cause and filed a brief for petitioners.

*Lawrence E. Hart* argued the cause for respondents. With him on the brief was *Harold M. Wilkie.*

MR. JUSTICE MURPHY delivered the opinion of the Court.

In *Magnolia Petroleum Co.* v. *Hunt,* 320 U. S. 430, this Court had occasion to consider the effect of the full faith and credit clause of the Constitution of the United States where awards are sought under the workmen's compensation laws of two states. This case presents another facet of that problem.

The facts are undisputed. Leo Thomas Kopp worked as a bricklayer for E. E. McCartin. Both were residents of Illinois. Pursuant to a contract made in Illinois, Kopp worked for McCartin on a building job in Wisconsin. He drove back and forth between his home in Illinois and his work in Wisconsin. While thus employed in Wisconsin, Kopp suffered an injury to his left eye. On June 7, 1943, he filed an application for adjustment of claim with the Industrial Commission of Wisconsin. McCartin and his insurance carrier entered an objection to the jurisdiction

of the Wisconsin Commission to hear the claim. Then on July 20, 1943, Kopp filed an application for adjustment of claim with the Industrial Commission of Illinois, in which the general nature of the dispute was given as "Whether Illinois or Wisconsin has jurisdiction in my case."

Under date of October 11, 1943, the Wisconsin Commission wrote the insurance carrier that Kopp had been informed that, so far as Wisconsin law was concerned, he was entitled to proceed under the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1943, Ch. 48, §§ 138–172) and thereafter claim compensation under the Wisconsin Workmen's Compensation Act (Wis. Stat. 1945, Ch. 102), with credit to be given for the amount paid him pursuant to the Illinois Act. A copy of this letter was sent to Kopp. Counsel for the insurance carrier replied on November 3, 1943. It was there stated that the insurance carrier understood that if payments were made by it to Kopp under the Illinois statute credit would be given for those payments in the event an award was made to Kopp under the Wisconsin Act; and with that understanding, the insurance carrier was proceeding to pay Kopp compensation under the Illinois statute.

On November 3, 1943, a settlement contract was signed by Kopp and McCartin. The parties therein agreed that the sum of $2,112 was to be paid to Kopp in full and final settlement of any and all claims arising out of Kopp's injury by virtue of the Illinois Workmen's Compensation Act. The contract also stated: "This settlement does not affect any rights that applicant may have under the Workmen's Compensation Act of the State of Wisconsin."

The settlement contract and a petition by Kopp that the amount due be paid to him in a lump sum were filed with the Illinois Commission on November 29, 1943. A hearing was held before a Commissioner on December 3,

in the course of which attention was called to the reservation of rights in Wisconsin. The presiding Commissioner informed Kopp that he did not know what effect the reservation had or what Kopp's rights were under the Wisconsin statute. Kopp replied that he would appreciate receiving the lump sum under the Illinois law and that he would "take chances on Wisconsin." Following the hearing, the Commissioner approved the settlement contract and the petition for a lump sum payment. Kopp received payment on December 7 in the amount specified in the settlement contract plus a small additional sum for temporary disability. Thereafter, on January 10, 1944, a formal order was entered by the Illinois Commission directing payment of the lump sum of $2,112. The circumstances of the entry of this later order, after payment had been made in fact, are not disclosed. No petition to review the settlement contract or lump sum payment was filed and no action to secure a review of the formal order was taken.

In the meantime, on December 20, 1943, this Court's decision in *Magnolia Petroleum Co.* v. *Hunt, supra,* was rendered. The Wisconsin Commission then held a hearing on February 20, 1944, on Kopp's application before it. McCartin and the insurance carrier filed an amended answer, contending that under the full faith and credit clause the Wisconsin proceedings were barred by the award and payment under the Illinois Act; reliance was placed upon the *Magnolia Petroleum Co.* case. The Commission overruled this objection and ordered the payment to Kopp of certain benefits, after giving credit for the sums paid under the Illinois Act.

The Circuit Court for Dane County, Wisconsin, set aside the Wisconsin Commission's order on the authority of the *Magnolia Petroleum Co.* case. On appeal, the Supreme Court of Wisconsin affirmed the lower court's judgment

on the same authority. 248 Wis. 570, 22 N. W. 2d 522. We granted certiorari to determine the applicability of the full faith and credit clause, as interpreted in the *Magnolia Petroleum Co.* case, to the facts of this case.

It is clear, in the absence of a prior award in Wisconsin, that the compensation paid to the employee under the Illinois Workmen's Compensation Act was constitutionally proper from the full faith and credit standpoint. Illinois was the state where the parties entered into the employment contract and its legitimate concern with that employer-employee relationship permitted it to apply its own statute even though the injury occurred elsewhere. *Alaska Packers Assn.* v. *Industrial Accident Comm'n,* 294 U. S. 532; *Cardillo* v. *Liberty Mutual Ins. Co.,* 330 U. S. 469. At the same time, in view of the fact that the accident took place in Wisconsin, any full faith and credit questions that might have been raised had compensation first been awarded under the Wisconsin Workmen's Compensation Act are answered by *Pacific Employers Ins. Co.* v. *Industrial Accident Commission,* 306 U. S. 493. The troublesome problem that arises here is whether the compensation paid under the Illinois statute raises a full faith and credit bar to a subsequent award in Wisconsin for an additional amount.

If it were apparent that the Illinois award was intended to be final and conclusive of all the employee's rights against the employer and the insurer growing out of the injury, the decision in the *Magnolia Petroleum Co.* case would be controlling here. The Court there found that the compensation award under the Texas Workmen's Compensation Law was made explicitly in lieu of any other recovery for injury to the employee, precluding even a recovery under the laws of another state. See *Bradford Elec. Co.* v. *Clapper,* 286 U. S. 145, 153. And since the Texas award had the degree of finality contemplated by the full faith and credit clause, it was held that Louisiana

was constitutionally forbidden from entering a subsequent award under its statute. But we do not believe that the same situation exists in this case, the Illinois award being different in its nature and effect from the Texas award in the *Magnolia* case.

The Illinois Workmen's Compensation Act was concededly applicable under the circumstances of this case. Section 3 of that Act provides that it shall apply automatically and without election to all employers and employees engaged in businesses or enterprises such as those involving the erection or construction of any structure. At the time when he was injured, Kopp was doing mason work for his employer in connection with the erection of houses. Section 5 then provides that the term "employee" includes those persons "whose employment is outside of the State of Illinois where the contract of hire is made within the State of Illinois . . . ." Kopp was such an employee, having been hired in Illinois and injured while employed in Wisconsin.

Section 6 states that "No common law or statutory right to recover damages for injury or death sustained by any employe while engaged in the line of his duty as such employe, other than the compensation herein provided, shall be available to any employe who is covered by the provisions of this act, . . ." This section has been interpreted to mean that, in situations to which the Act applies, the right of action against the employer under the Illinois common law or under the Illinois Personal Injuries Act (Ill. Rev. Stat. 1943, Ch. 70, §§ 1, 2) has been abolished. *Mississippi River Power Co.* v. *Industrial Commission,* 289 Ill. 353, 124 N. E. 552; *Faber* v. *Industrial Commission,* 352 Ill. 115, 185 N. E. 255. To that extent, the Act provides an exclusive remedy.

But there is nothing in the statute or in the decisions thereunder to indicate that it is completely exclusive, that it is designed to preclude any recovery by proceedings

brought in another state for injuries received there in the course of an Illinois employment. Cf. *Bradford Elec. Co.* v. *Clapper, supra; Cole* v. *Industrial Commission,* 353 Ill. 415, 187 N. E. 520. And in light of the rule that workmen's compensation laws are to be liberally construed in furtherance of the purpose for which they were enacted, *Baltimore & Phila. Steamboat Co.* v. *Norton,* 284 U. S. 408, 414, we should not readily interpret such a statute so as to cut off an employee's right to sue under other legislation passed for his benefit. Only some unmistakable language by a state legislature or judiciary would warrant our accepting such a construction. Especially is this true where the rights affected are those arising under legislation of another state and where the full faith and credit provision of the United States Constitution is brought into play. See *Ohio* v. *Chattanooga Boiler Co.,* 289 U. S. 439.

We need not rest our decision, however, solely upon the absence of any provision or construction of the Illinois Workmen's Compensation Act forbidding an employee from seeking alternative or additional relief under the laws of another state. There is additional evidence that the employee is free to ask for additional compensation in Wisconsin. That evidence is in the Illinois award itself, an award which is acknowledged to have been made in compliance with the Illinois statute.

Here the employer and the employee entered into a settlement contract fixing the amount of compensation to which the employee was entitled under the Illinois statute, thereby avoiding the expense and delay of litigating the matter. This contract, together with the employee's petition for a lump sum payment, was approved by one of the Commissioners of the Illinois Industrial Commission. By that approval, the agreement became "in legal effect an award." *Hartford Accident Co.* v. *Industrial Commission,* 320 Ill. 544, 546, 151 N. E. 495, 496; *Michelson* v.

*Industrial Commission,* 375 Ill. 462, 31 N. E. 2d 940. Under Illinois law, such awards are described as *res judicata* on the matters thus adjudicated and agreed upon, precluding the Commission from subsequently reviewing the awards or setting them aside. *Centralia Coal Co.* v. *Industrial Commission,* 297 Ill. 451, 130 N. E. 727; *Stromberg Motor Device Co.* v. *Industrial Commission,* 305 Ill. 619, 137 N. E. 462; *Lewin Metals Corp.* v. *Industrial Commission,* 360 Ill. 371, 196 N. E. 482; *Trigg* v. *Industrial Commission,* 364 Ill. 581, 5 N. E. 2d 394.

One of the provisions in the settlement contract which became the award was the statement that "This settlement does not affect any rights that applicant may have under the Workmen's Compensation Act of the State of Wisconsin." That statement was made a part of the contract at the request of the employee, who had been informed by the Wisconsin Commission that he was entitled to claim an additional amount of compensation in Wisconsin after recovering in Illinois. See *Interstate Power Co.* v. *Industrial Commission,* 203 Wis. 466, 234 N. W. 889; *Salvation Army* v. *Industrial Commission,* 219 Wis. 343, 263 N. W. 349; *Wisconsin Bridge & Iron Co.* v. *Industrial Commission,* 222 Wis. 194, 268 N. W. 134. The employer's insurance carrier was likewise informed, and all the parties proceeded on the assumption that the employee was attempting to recover compensation under the statutes of both Illinois and Wisconsin, with credit to be given in Wisconsin for any sum recovered in Illinois. In furtherance of this common understanding, the above statement was inserted in the Illinois settlement contract and was brought to the attention of the Industrial Commissioner before he approved the contract. The Commissioner confessed that he did not know the meaning of this provision, but he did not order it stricken. Rather he approved it for whatever it was worth.

This contract provision saving the rights of the employee in Wisconsin thus became part of the Illinois award, an award which has achieved finality in the absence of a timely appeal.    This provision means more than might be implied in the case of an ordinary judgment or decree. Any party, of course, has the right to seek another judgment or decree, however inconsistent or futile such an attempt might be; and it takes no reservation in the original judgment or decree to give him that right.    But when the reservation in this award is read against the background of the Illinois Workmen's Compensation Act, it becomes clear that the reservation spells out what we believe to be implicit in that Act—namely, that an Illinois workmen's compensation award of the type here involved does not foreclose an additional award under the laws of another state.    And in the setting of this case, that fact is of decisive significance.

Since this Illinois award is final and conclusive only as to rights arising in Illinois, Wisconsin is free under the full faith and credit clause to grant an award of compensation in accord with its own laws.    *Magnolia Petroleum Co.* v. *Hunt, supra,* thus does not control this case.

*Reversed.*

MR. JUSTICE RUTLEDGE concurs in the result.