SPIETZ, d/b/a MONARCH PAINTING SERVICE, and another, Respondents, vs. INDUSTRIAL COMMISSION and another, Appellants.

*June 12—July 1, 1947.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*L. A. Tarrell* of Milwaukee, for the appellant Victor Nicola.

For the respondents there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *C. J. Otjen.*

Fowler, J.  The trial judge stated the case before the court in part as follows:

"This is an action to review an order of the Industrial Commission awarding compensation to one Victor Nicola.

"Nicola was injured while working for plaintiff employer in Montana.  Nicola was awarded compensation by the Industrial Accident Board of Montana.  It is admitted by plaintiffs that the employer is subject to the Workmen's Compensation Act of Wisconsin and that this accident represents a compensable case under the Wisconsin law, *except* for the fact

that an award already has [had] been made in the state of Montana."

It is contended by the respondents that under the decision in *Magnolia Petroleum Co. v. Hunt,* 320 U. S. 430, 64 Sup. Ct. 208, 88 L. Ed. 149, the decision of the Montana board is *res judicata,* and the Industrial Commission of Wisconsin is without jurisdiction to grant an award.

The ultimate conclusion of the United States supreme court on the crucial point here involved is succinctly stated in par. 2 of the syllabus to the *Magnolia Case* in 88 L. Ed. 149:

"2. A workmen's compensation award which has become final is entitled to the same faith and credit as a judgment of a court."

If a Montana court had jurisdiction to make awards for compensation for an industrial accident and had made a final award of such compensation, its award would under the rule stated be *res judicata* and bar an award in any other state. Therefore, under that rule the award of the Montana board, which had sole jurisdiction in industrial compensation cases under the Montana statute, barred the Wisconsin award if its award was final, within the meaning of the word "final" as used in the opinion in the *Magnolia Case, supra.*

The appellants seem to concede that the contention of the respondents would be correct if the award of the Montana Industrial Accident Board, hereinafter referred to as the "board," had been a final determination of the full amount of compensation allowable under the Montana Industrial Accident Act, but claim that *Industrial Commission of Wisconsin v. McCartin,* 330 U. S. 622, 67 Sup. Ct. 886, 888, 890, 91 L. Ed. 1140, 1142, 1143, distinguishes the instant case from the *Magnolia Case, supra,* and renders it inapplicable because the order of the board was not a final order and the rule relied on by the respondents applies only to determinations of the board that are final. The respondents counter by contending that the determination of the board is final because

no party to the proceeding before it has appealed from or taken action to change it. Whether the award of the board was final must be determined from the Montana Workmen's Compensation Act and the decisions of the Montana court construing it, in the light of the *Magnolia Case*.

Before discussing this statute and these decisions it will be well to state the award of the board instantly involved and the facts leading up to it. Victor Nicola is a resident and citizen of Wisconsin and was engaged to work at painting bridges in Milwaukee by Walter P. Spietz at a fixed wage. While so engaged he was solicited and agreed to go to Montana to engage in the same work for Spietz there at the same wage and payment of his transportation and expenses and wages while en route. He began work there and on August 24, 1944, while at work fell from a bridge pier and was severely injured. After two months in a hospital in Montana he returned to Milwaukee on November 1st. In September the defendant guaranty company presented some checks to him which he at first refused but finally accepted. These checks were for $17 per week, the full amount allowable under the Montana statutes as compensation for temporary total disability. This sum he has been receiving up to June 22, 1945, and presumably ever since. He is still totally disabled and it is conceded that he will remain so disabled for a considerable time. After returning to Milwaukee he consulted attorneys and instructed them to make and file a claim before the Montana accident board. He consulted Milwaukee physicians and has there received surgical treatment for his injuries on advice of his attorneys and incurred charges of $100 therefor. On employing other attorneys application was made to the Wisconsin Industrial Commission for compensation under the Wisconsin Workmen's Compensation Act which allows greater compensation than the Montana act. The Industrial Commission notified the employer and his insurer of the filing of the application in January, 1945. On April 9, 1945, the applicant applied to the commission for an adjustment of his claim. Up

to this time the Montana board had made no order in the proceeding before them. On April 26th, fifteen days after the employee's application for adjustment, the Montana board made an award. The employer and his insurer appeared specially before the commission and objected to the jurisdiction of the Wisconsin commission and pleaded the Montana award in bar to the Wisconsin proceeding. Hearing was had before the Wisconsin Industrial Commission on July 6, 1946, at which it was conceded that the commission had jurisdiction unless the proceeding was barred by the Montana award. Pursuant to this hearing the Wisconsin commission made an award which the respondents brought action in the circuit court to review. The court vacated the award and the commission and Nicola appealed to this court.

The portions of the two awards, so far as they award or relate to compensation are here set out in the margin in juxtaposition.[1]

---

[1] *Wisconsin award:*

That the respondent and insurer shall within ten (10) days pay to the applicant in person one thousand one hundred six and fifty-eight one hundredths dollars ($1,106.58), less any amount paid as compensation for disability sustained during the period from August 24, 1944, to July 6, 1945, inclusive; and that respondent and insurer shall further pay to the applicant indemnity at the rate of twenty-four and fifty one-hundredths dollars ($24.50), per week from and after July 6, 1945, so long as the applicant shall remain totally disabled as a result of said injury or until otherwise ordered, subject to the limitations provided by law and with like right to deduct therefrom any compensation paid under the provision of the Montana law on account of disability during the same period.

*Montana award:*

It is therefore ordered and adjudged that the London Guarantee & Accident Company pay to Victor Nicola, compensation at the rate of $17 per week during the period of time that he is a total disability of a temporary character, not exceeding, however, the period of three hundred weeks from the date of accident for this particular disability and thereafter continue compensation, in the event of a permanent partial disability, as provided by law.

It is further ordered and adjudged that such compensation shall continue for the period above mentioned, unless the disability shall end, in which event the London Guarantee & Accident Company, Ltd., is relieved of further liability.

From the foregoing it appears that the question for us to determine is whether the Montana award is final within the meaning of the decision of the supreme court of the United States in the *Magnolia Case, supra,* so as to constitute it *res judicata* and bar the proceeding before the Wisconsin commission. It is to be noted that what the Montana award does is to award compensation to Nicola at the amount of $17 a week, the highest rate allowable under the Montana act, during the period of total disability, not exceeding three hundred weeks, which is the maximum period for allowance of temporary total disability, and it impliedly leaves for determination at termination of the period of temporary total disability compensation for permanent partial disability, if any, and then orders continuance of compensation at the rate fixed therefor by the Montana act. The award thus is final so far as it allows the amount payable for temporary disability, but is not final as to the extent of the partial disability, if any, when the total disability terminates, and it makes no award as to hospital and medical expenses or permanent partial disability, unless by implication through discharge from further liability on payment for temporary total liability.

It is further to be noticed that the Wisconsin award allows a lump allowance for temporary total disability up to the time of the hearing before the Wisconsin commission, less such sum as the applicant had received from the insurer up to that time, and that the applicant shall be paid $24.50 instead of $17 per week from that time forward during the period of temporary total disability, less such sum as the applicant may have received under the Montana award; and that by necessary inference from the terms of the order the commission under the Wisconsin statutes retains jurisdiction to fix the amount of partial disability if any exists at the time the total disability ceases and then award compensation therefor and to award reasonably required medical and other expenses under sec. 102.42, Stats.

The Montana act by its terms limits the board to determining two things—a maximum of $17 per week when, as here, the applicant's sole dependent is his mother, for the period of temporary total disability not exceeding three hundred weeks; sec. 2912, Mont. Stats.; and a maximum $17 per week for permanent partial disability, not exceeding five hundred weeks, and not exceeding fifty weeks for temporary partial disability; sec. 2914. The maximum for temporary total disability was thus awarded by the board. There was no award whatever for permanent partial disability. As to the latter, if any follows temporary total disability, the award was not final.

Sec. 2950 of the Montana act provides that the board may fix the total amount of compensation to be paid or fix weekly amounts to be paid during disability as was here done. There being no total amount of compensation to be fixed the award as a whole was not final as to compensation.

The Montana act, sec. 2917, provides for payment of medical and hospital expenses not to exceed $500 in addition to the weekly compensation covered by secs. 2912 and 2914. The Montana award allows nothing for these, so it is not final in this regard. Counsel for respondents says in his brief that "the record shows that the insurance carrier has, under the proceedings in Montana, paid all medical and hospital expenses to date," with exception of such expenses incurred in Milwaukee, "not confining itself to the $500 limit." However, there is nothing in this record so showing and the statement above made must be taken as correct that the award is not final as to medical and hospital expenses.

The respondents seem to regard the decision of the supreme court of the United States in *Industrial Commission of Wisconsin v. McCartin,* decided March 31, 1947, and reported in 330 U. S. 622, 67 Sup. Ct. 886, 91 L. Ed. 1140, as distinguishing the *Magnolia Case, supra,* from the instant one and not here applicable. It is however applicable if the award of the Montana board taken as a whole is a final award

under the circumstances existing, and is possibly applicable as a final award of compensation for the temporary total disability of the applicant. The *McCartin Case,* as said in its opening paragraph, merely presents one facet "of the problem presented by the *Magnolia Case.*" Kopp, an employee of McCartin, was a resident of Illinois, employed by contract made in Illinois and was sent into Wisconsin to work on a job there, and while so working was injured. He applied for compensation under the Wisconsin Compensation Act and McCartin and his insurer objected to the jurisdiction of the Wisconsin commission to hear the claim. Kopp then applied for compensation under the Illinois act and was allowed compensation under that act. After being awarded compensation under that act compensation was denied him under the Wisconsin act because the award under the Illinois act was held to be final. Nicola's factual situation is the same as that of the Illinois workman. It does not here appear that Nicola and Spietz were both residents of the same state as were the Illinois workman and his employer, but it is here conceded that Spietz was "an employer subject to the provisions of the Wisconsin act," and thus whether he was a resident of Wisconsin is immaterial. Thus the sole question here for determination is as to the finality of the Montana award just as the sole question determined in the *Magnolia Case* was the finality of the Texas award. Besides the factual situation there was also involved in the *McCartin Case* the legal status as to finality of the Illinois award. The Illinois award was entered pursuant to an agreement of the parties that a certain sum "was to be paid to Kopp [the injured employee] in full and final settlement of any and all claims arising out of Kopp's injury by virtue of the Illinois Workmen's Compensation Act." The contract also stated: "This settlement does not affect any rights that applicant may have under the Workmen's Compensation Act of the state of Wisconsin." The court in the *McCartin Case* interpreted the reservation in the contract as

spelling out "what we [United States supreme court] believe to be implicit in that [Illinois] act—namely, that an Illinois workmen's compensation award of the type here involved does not foreclose an additional award under the laws of another state." That fact was considered by the court as of "decisive significance." And "since this Illinois award" was "final and conclusive only as to rights arising in Illinois," Wisconsin was "free under the full-faith-and-credit clause to grant an award . . . in accord with its own laws." (See last two paragraphs of supreme court opinion.)

As bearing on the finality of the Montana award, sec. 2952, Mont. Stats., provides that the board has continuing jurisdiction over all its awards and that after notice to the parties in interest the board may alter or amend an award upon good cause shown within four years after it is made. The appellants contend that the instant award of the Montana board is not final under this section. The respondents contend, however, that it is final under sec. 2955 which provides that an aggrieved party may have a rehearing by applying therefor within twenty days from service of the award and no application for rehearing has ever been made.

The Montana courts have rendered certain decisions as to the particulars in which the awards of the board are final. It was decided in *Shugg v. Anaconda Copper Min. Co.* 100 Mont. 159, 170, 46 Pac. (2d) 435, that "The judgment of the board, as to conditions then existing, in the absence of a timely motion for rehearing, or an appeal therefrom, is *res adjudicata* upon the issue which it determines." It is to be noted that in the *Magnolia* opinion, the supreme court of the United States, 320 U. S. 430, 64 Sup. Ct. 208, 88 L. Ed. 149, 153, 1st column, considered both the Texas statute and the Texas decisions in determining the finality of the Texas award. The same must be done here as to the finality of the Montana award. We perceive no difference between the Montana statutes and the Texas statutes as stated in the *Magnolia* decision, except that

the Texas statutes do not contain a provision like sec. 2952 of the Montana statute providing for amendment of an award within four years. But the effect of that provision is construed by the Montana courts as below stated. In *Meznarich v. Republic Coal Co.* 101 Mont. 78, 87, 53 Pac. (2d) 82, it was decided that:

"All . . . awards of the board 'shall be conclusively presumed to be reasonable and lawful, until and unless they are modified or set aside by the board or upon review.' . . . The 'review' mentioned in the two sections cited is by appeal to the district court . . . and then to the supreme court. . . . Therefore, when the board renders its decision denying a claim for compensation and thus ending the matter in dispute, the order or decision becomes final, conclusive and *res adjudicata* on failure of the aggrieved party to take an appeal within time, and this is so whether the decision is on a question of law . . . or on the merits.

"After an order of the board has become 'final' the case cannot be reopened for a reconsideration and redetermination of the questions determined and disposed of."

And in *State ex rel. Roundup Coal M. Co. v. Industrial Accident Board,* 94 Mont. 386, 391, 23 Pac. (2d) 253, it was held—

"to give a board or tribunal the power to modify or change a judgment or order to meet changed conditions, or to do justice in the light of newly discovered evidence, or to correct an order which was made as the result of fraud or imposition, or an order which would not have been made if certain facts *later discovered* had been then known to exist."

It was held in the *Magnolia Case, supra,* 88 L. Ed. p. 154, 2d column, that the final award of the Texas board had to be given the same effect in other states that it had in Texas. It is to be noted in this connection that in determining that effect the Texas statutes and the Texas decisions construing them were considered by the court. So here. The Montana statutes and the Montana decisions must be given effect and if

the board's award is *res judicata* in Montana it is *res judicata* here.

We believe the above states the facts and the law as far as it goes as to the instant situation. If the case were to be decided upon the law of the *Magnolia Case, supra,* alone we apparently would have to hold that the Montana award was not *res judicata* under that decision because the award did not determine the entire compensation to which the employee is entitled and the Wisconsin commission had jurisdiction to make an award under the Wisconsin statutes; or it was *res judicata* as to temporary total disability and precluded the commission from making any adjudication as to that but left it free to allow any medical expenses reasonably incurred by the employee not already paid by the defendant insurer, and to allow for permanent partial disability if and when that occurred; or that the Montana award was final and under the full-faith-and-credit clause of the United States constitution precluded the commission from making any award at all. Some other solution may possibly be conceivable. What to do would be difficult indeed to decide and because of the federal question involved when decided would not have finally determined anything. However, we consider that the *Mc-Cartin* decision above cited has foreclosed two of the particular solutions suggested and left only the first next-above stated open to us.

We conclude that under the holding of the *McCartin Case, supra,* the instant workman had the right to institute a proceeding for recovery before the Wisconsin Industrial Commission under the Wisconsin statutes. That conclusion seems clearly to follow from the language above quoted from the *McCartin* opinion. The Montana award was "final and conclusive only as to rights" in Montana, just as the Illinois award was final and conclusive only as to rights in Illinois, and left the Wisconsin Industrial Commission "free under the full-faith-and-credit clause to grant an award" under the Wis-

consin law. We perceive no material difference between the terms of the Illinois statutes, R. S. Ill. 1943, ch. 48, secs. 138 to 172, and the terms of the Montana statutes as to the finality of an award except the four-year provision of the Montana statute for amendment of an award, and that by the decisions of the Montana courts above cited is applicable only when a change occurs in the situation existing when the award was made. We can perceive no possible change in the situation involved in the Montana award that could justify a change in the award as to temporary total disability, and that is the only award that the Montana board made. The only change in the situation that can occur is a change in the employee's physical condition from total to partial disability, and that will put upon the Montana board the duty to award for permanent partial disability, and in that case the finality of the award if it had finality will be destroyed. But anyhow the award made was not final as to compensation and left the employee free to pursue his remedy in Wisconsin, and the Industrial Commission on his application to them had jurisdiction to allow him compensation under the Wisconsin law. This it has done as to temporary total disability, allowing the defendants credit for all sums paid under the Montana award or the Montana statutes. The commission retains jurisdiction to make an additional allowance for permanent partial disability, if any there is, and for such medical expenses and hospital expenses, if any, as are allowable under the Wisconsin statutes.

While the opinion in the *McCartin Case, supra,* does not state why the court took the position indicated in the portion of the opinion above quoted we assume that it retreated from the position taken in the *Magnolia Case, supra,* because it was considered that the opinion in that case went on the theory that proceedings under the workmen's compensation statutes are like common-law causes of action and that the law of such causes of action cannot be "split" to permit more than a single judgment; that proceedings under the Industrial Commis-

sion statutes are not like common-law causes of action that when transitory permit suit to be brought in either of two states; that necessarily in many if not most of such proceedings the award is "split," to award separate awards for different items of compensation as illustrated in the instant case by awarding compensation for temporary total disability and subsequently for permanent partial disability, and for medical and hospital expenses. But whatever the reason was for the rule stated in the portion of the *McCartin Case* above quoted, taking the statement of the court quoted as meaning what it says, we think that our conclusion above stated is the only one that can rationally be reached.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment affirming the award of the Wisconsin Industrial Commission.