## HOWARD v. MARION CONSTRUCTION CO., et al.

Industrial Commission.

May 26, 1954.

W. O. Murrell, Jr., Jacksonville, for claimant.

Osborne, Copp & Markham, Jacksonville, for the employer and insurance carrier.

## BY THE COMMISSION.

This cause came on to be heard upon application for review of an order by a deputy commissioner holding that this commission has no jurisdiction in this matter. The claimant was injured in an accident arising out of and in the course of his employment— which accident occurred in Georgia. It appears from the record that the claimant, a resident of Florida, was hired in Florida by Marion Construction Co., a Florida corporation with its principal place of business in Florida, and that the contract of employment was not for services exclusively outside the state. The claimant entered into an agreement under the terms of the Georgia Workmen's Compensation Act and apparently received compensation in accordance with the Georgia law and the above noted agreement. The Georgia law apparently has no provision for facial disfigurement and claimant subsequently filed this claim under the provisions of the Florida Workmen's Compensation Law. The claim fulfills all requirements of section 440.09(1), Florida Statutes 1953, and claimant is entitled to have his claim adjudicated.

The deputy commissioner did not disclose in her order her reasoning why this commission does not have jurisdiction of the claim. The employer contends by brief filed with the commission that the Georgia proceeding is res judicata to this claim and that this commission must give full faith and credit to the Georgia law which makes the noted agreement res judicata to any further action in Georgia. The United States Supreme Court decision in Magnolia Petroleum Company v. Hunt, 320 U. S. 430, L. ed. 149 (1943), is cited in support thereof. The brief of the appellees fails to note, however, a more recent decision by the same court in Industrial Commission of Wisconsin v. McCartin, 330 U. S. 622, 91 L. ed. 1140 (1947). This decision recognizes that an award of the type here involved, under statutes applicable in both Florida and Georgia, does not foreclose an additional award under the laws of another state, such as Florida. Section 440.09(1) of our law specifically provides for the situation now before us in the following —". . . ; provided, however, that if an employee shall receive compensation or damages under the laws of any other state, nothing

herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided herein."

It is not contended that the claimant received any award for facial disfigurement and it is our view that this commission does have jurisdiction to award compensation for such disfigurement if the claimant is entitled to it under provisions of the Florida law. The deputy commissioner's order is reversed, and the cause is remanded to the deputy commissioner for further proceedings to determine whether he is entitled to compensation under the provisions of the Florida Workmen's Compensation Law.