# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ROBERT M. EDWARDS, JR.**
Jones Obenchain, LLP
South Bend, Indiana

ATTORNEY FOR APPELLEE:

**KATHRYN A. MOLL**
Nation Schoening Moll
Fortville, Indiana



FILED
Jul 27 2012, 9:26 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DALE BRENON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1202-EX-108 |
| | ) | |
| THE FIRST ADVANTAGE CORP. d/b/a | ) | |
| OMEGA INSURANCE SERVICES, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE WORKERS COMPENSATION BOARD
Cause No. C-177310

**July 27, 2012**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Dale Brenon appeals from a decision of the Worker's Compensation Board of Indiana (the Board) dismissing his Application for Adjustment of Claim (the Application) in favor of The First Advantage Corporation d/b/a Omega Insurance Services (Omega). The sole issue presented for our review is: Did the Board properly dismiss Brenon's Application?

We reverse.

In August 2003, Brenon, then a resident of Wisconsin, was hired by Omega to perform investigative services wherever Omega transacted business. On October 8, 2003, Omega gave Brenon two investigative assignments that required him to travel to Indiana to conduct surveillance. On October 9, 2003, Brenon, while driving in Lakeville, St. Joseph County, Indiana, crossed the center line and caused a head-on collision with another vehicle.

On June 21, 2004, Brenon filed a worker's compensation claim against Omega in Wisconsin. In that action Omega challenged whether Brenon was acting in the scope of his employment when the accident occurred, whether Omega had worker's compensation insurance coverage in Wisconsin, and whether the Wisconsin Worker's Compensation Division had jurisdiction over Brenon's worker's compensation claim. Ultimately, however, Omega negotiated settlement agreements with two of its worker's compensation carriers (Zenith Insurance Company and Zurich American Insurance Company) for a total lump-sum payment of $100,000 compensation to Brenon to settle his worker's compensation claim in Wisconsin, so those matters were never litigated. The limited compromise agreement between Brenon and Omega and Zenith Insurance Company was presented to and approved by the Wisconsin Department of Workforce Development, Worker's Compensation Division on August 10, 2006. Subsequently, Omega and Zurich American Insurance Company

2

executed a "Full and Final Compromise Agreement" with Brenon that was presented to and approved by the Wisconsin Department of Workforce Development, Worker's Compensation Division on January 11, 2007.

On October 3, 2005, prior to the acceptance of the settlement agreements in Wisconsin, Brenon filed his Application with the Board seeking worker's compensation benefits from Omega for the same motor vehicle accident.[1] On May 14, 2009, Omega filed a motion to dismiss Brenon's Indiana worker's compensation claim, asserting that Brenon's Indiana claim was barred by the doctrine of *res judicata* and/or claim preclusion in light of his submission to the jurisdiction of Wisconsin and the settlement of his worker's compensation claim in that State. On March 29, 2010, the single hearing member dismissed Brenon's claim without issuing findings of fact or conclusions of law. The Board adopted the single hearing member's decision in an order dated October 1, 2010.

Brenon appealed, and, in a memorandum decision, another panel of this court remanded the matter to the Board for "a statement of the specific findings of basic fact which support its findings of ultimate fact and conclusion of law." *Brenon v. Advantage Corp.*, 93A02-1010-EX-1172, slip op. at 3 (Ind. Ct. App. April 15, 2011). The Board then remanded the matter for a hearing before a single hearing member. The parties waived the hearing before the single hearing member, but presented additional evidence and arguments that were ultimately used by the single hearing member in crafting findings of fact and conclusions of law.

---

[1] In Indiana, Omega had worker's compensation coverage through Lumbermens Mutual Casualty Company.

The single hearing member concluded that Brenon's claim for worker's compensation was barred by the doctrine of collateral estoppel. The Board affirmed the single hearing member's decision. The Board's findings and conclusions pertinent to our review follow:

13.     Plaintiff Dale Brenon chose to first pursue his claim against his employer Omega Insurance Services for worker's compensation benefits in Wisconsin. While his claim for worker's compensation benefits against his employer was pending in Indiana, he chose to conclude his litigation against that employer in Wisconsin by entering into a settlement agreement which according to Wisconsin law was submitted to the State of Wisconsin, Department of Workforce Development, Worker's Compensation Division for its approval. That approval from the State of Wisconsin was issued and plaintiff received $100,000.00 from his employer and its worker's compensation insurance carriers in Wisconsin. Thus, plaintiff Dale Brenon chose to submit to the jurisdiction of Wisconsin and its worker's compensation system and laws in concluding his claim in Wisconsin through settlement approved by the Wisconsin Worker's Compensation Division.

14.     In both Wisconsin and Indiana, plaintiff is making a claim for worker's compensation benefits for the same motor vehicle accident and both claims are against his employer Omega Insurance Services which was the defendant or respondent both in Wisconsin and in Indiana. Different insurance carriers for Omega Insurance Services are involved in each state.

15.     Indiana Courts have recognized that insurance is defined as a contract whereby one undertakes to indemnify another against loss, damage or liability arising from an unknown or contingent event. Thus, Mr. Brenon's claim for worker's compensation benefits is against defendant employer Omega Insurance Services and not against individual insurance carriers. . . .

16.     The issue of whether the payment or settlement of a worker's compensation claim under the statute of one state bars a claim for worker's compensation benefits in Indiana is a matter of first impression as the Indiana Workers Compensation Act and Indiana case law is silent on this question.

17.     Courts in other states have recognized that when an employer or its worker's compensation insurance carrier through unilateral initiative of the employer and/or the worker's compensation carrier and without the employee's knowledge or understanding, makes voluntary payments, those voluntary payments do not bar the employee from making a worker's compensation claim for the same injury under the law of another state. See, Industrial Track Builders of America v. Lemaster, 429 S.W.2d 403 (Ky. 1968).

18.     In this case, Mr. Brenon's attorney and the insurance carriers for Omega Insurance Services in Wisconsin negotiated a lump sum settlement of the claim pending in Wisconsin and obtained approval of that settlement

4

pursuant to pursuant to Wisconsin law. The Administrative Law Judge of the State of Wisconsin, Department of Workforce Development, Workers Compensation Division issued an Order approving the settlement. Thus, the settlement of Mr. Brenon's claim was not simply a "voluntary payment" as discussed in the Lemaster case, supra.

19. Having submitted to the jurisdiction of Wisconsin and obtaining approval of his settlement said approval being issued through an Award issued by an Administrative Law Judge of the State of Wisconsin, Department of Workforce Development, Workers Compensation Division, Brenon elected to submit his worker's compensation claim under Wisconsin's jurisdiction.

20. Based upon the foregoing, the doctrine of collateral estoppel would apply to preclude the re-litigation of this claim which plaintiff Dale Brenon has already had a full and fair opportunity to litigate the other worker's compensation claim he filed in Wisconsin against the same parties on the same claim. Plaintiff Dale Brenon had a full and fair opportunity to litigate the facts and issues in his Wisconsin claim and chose to negotiate and enter into a settlement agreement with Omega Insurance Services through its worker's compensation insurance carriers in Wisconsin whereby he was paid a lump sum of $100,000.00. Thus, Mr. Brenon had a full and fair opportunity to litigate the issues and facts in his Wisconsin claim before he proceeded to negotiate a settlement of that claim for a lump sum payment to him. Mr. Brenon and his attorney acquiesced to the jurisdiction of Wisconsin in seeking approval of the Administrative Law Judge of the State of Wisconsin, Department of Workforce Development, Workers Compensation Division pursuant to the Wisconsin worker's compensation laws. . . .

*Appellant's Appendix* at 7-10. Brenon now appeals the Board's dismissal of his claim against Omega for worker's compensation benefits in Indiana.

When the Board's decision is challenged as contrary to law, the reviewing court conducts a two-part inquiry into "the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of facts." Ind. Code Ann. § 22-4-17-12(f) (West, Westlaw current through legislation effective May 31, 2012). Where, as here, the facts are not in dispute and the matter for our review is primarily a legal question, we do not grant the same degree of deference to the

Board's decision as we would if the issue were of fact, because law is the province of the judiciary and our constitutional system empowers the courts to draw legal conclusions. *Roberts v. ACandS, Inc.*, 806 N.E.2d 1 (Ind. Ct. App. 2004) (citing *Walker v. Muscatatuck State Dev. Ctr.,* 694 N.E.2d 258 (Ind. 1998)).

We begin by considering the case of *Indus. Track Builders of Am. v. Lemaster*, 429 S.W.2d 403 (Ky. Ct. App. 1968), that the Board relied upon for the proposition that unilateral, voluntary payments made by the employer or employer's worker's compensation insurance carrier to and without the knowledge or understanding of the injured employee is the only circumstance where an employee can pursue a worker's compensation claim for the same injury under the laws of another state. Applying that principle to the facts of this case the Board concluded that payment pursuant to the settlement agreements did not constitute voluntary, unilateral payments, and therefore, Brenon was foreclosed from pursuing his worker's compensation claim in Indiana.

Having reviewed the *Lemaster* case, we conclude that it stands for more than the proposition relied upon by the Board. In that case, Lemaster was a resident of Indiana but his employer was located in Kentucky. The employer had construction projects in Indiana as well as Kentucky and Lemaster worked about 75% of the time in Indiana. Lemaster was injured while working on a construction project in Indiana. Lemaster signed an agreement with his employer's worker's compensation carrier to accept a stated amount of compensation in accordance with the worker's compensation laws of Indiana. He then filed a claim for worker's compensation benefits in Kentucky. The worker's compensation board in

6

Kentucky dismissed Lemaster's claim, finding that he had submitted to the jurisdiction of Indiana.

The Kentucky Court of Appeals reviewed the history of the law with respect to whether an award of worker's compensation benefits in one state precludes recovery in another state. The court found that the crux of the argument was whether, under the Full Faith and Credit Clause of the United States Constitution, an award in one state precludes recovery in another state. The *Lemaster* court observed that starting with *Magnolia Petroleum Co. v. Hunt*, 320 U.S. 430 (1943), the U.S. Supreme Court suggested that an award of worker's compensation benefits in Texas precluded recovery of a second and additional award in Louisiana for the same injury. The *Lemaster* court further observed, however, that four years later, in *Indus. Comm'n of Wis. v. McCartin,* 330 U.S. 622 (1947), the U.S. Supreme Court seemingly overruled *Magnolia Petroleum*, and answered the same question by considering the intent of the worker's compensation statutes and judicial decisions in the state of the first award. *Indus. Track Builders of Am. v. Lemaster*, 429 S.W.2d 403 (citing *Bowers v. Am. Bridge Co.*, 127 A.2d 580 (N.J. Super. 1956)). The generally accepted view has thus become that "'unless the statute or decisions of the state of the first award expressly disallow a later award in another state which has an adequate interest in the subject matter such an award may be made if credit is given for payments on the first award.'" *Indus. Track Builders of Am. v. Lemaster*, 429 S.W.2d at 406 (quoting *Bowers v. Am. Bridge Co.*, 127 A.2d at 589).

Contrary to the Board's conclusion, the issue cannot be disposed of simply because Brenon's receipt of worker's compensation benefits was the result of negotiated settlement

7

agreements rather than a unilateral, voluntary payment by Omega and Zenith Insurance Company/Zurich American Insurance Company. The statutes and judicial opinions of the state of the first award must be examined to determine if they expressly disallow a later award in a different state.

Here, the parties have not provided us with any analysis of judicial opinions or statutes in Wisconsin regarding whether such preclude an additional award in another state. Our research has likewise revealed no judicial opinions or statutes in Wisconsin (or Indiana for that matter) that prohibit claims in multiple states.

Our best guidance comes from the *McCartin* case, cited in *Lemaster*, which is procedurally similar to the situation presented in this case. In *McCartin*, as in this case, the employer and employee entered into a negotiated settlement agreement that was approved by the Industrial Commission of Illinois. That settlement agreement, like the settlement agreements in this case, expressly reserved the employee's right to assert any claims the employee might have under the Worker's Compensation Act of the state of Wisconsin. The U.S. Supreme Court found that the reservation clause was consistent with the worker's compensation act of Illinois in that the type of award (i.e., through a settlement agreement) did not foreclose an additional award under the laws of another state. The employee could therefore pursue a worker's compensation claim in Wisconsin.

Here, the settlement agreements executed and approved in Wisconsin specifically preserved Brenon's claims against Omega in Indiana. To be sure, the limited compromise agreement between Brenon and Omega and Zenith Insurance Company provided:

8

1) It is expressly understood and agreed that this compromise agreement does not provide a release or compromise of liability to Omega Insurance Services solely to the extent that Omega Insurance Services has coverage for payment of benefits pursuant to any worker's compensation insurance policy provided by Kemper Insurance Companies, Zurich Insurance Companies, or any other workers compensation insurer not previously released herein.

*Appellant's Appendix* at 23. Further, the following language was included in the "Full and Final Compromise Agreement" between Brenon and Omega and Zurich American Insurance Company:

The parties further stipulate and agree that this full and final compromise agreement closes out any and all claims or potential claims the applicant has against only these respondents, (OMEGA INSURANCE SERVICES, THE FIRST AMERICAN CORP., FIRST ADVANTAGE CORP., ZURICH AMERICAN INSURANCE COMPANY), in all jurisdictions including, but not limited to Wisconsin, Indiana and Florida. In consideration for the above settlement, applicant has agreed to withdraw his Florida claim and will not amend his pending Indiana claim to include The First American Corporation or Zurich or its affiliated companies. The only claims that remain open would be claims for which there is insurance coverage for the employer by insurance companies not related to or owned by Zurich. All other claims are hereby closed. For example claims against Lumbermens or Kemper shall remain open in all jurisdictions.

*Id.* at 34. We have found no law, judicial or otherwise, that is inconsistent with the reservation clauses. Pursuant to the terms of the settlement agreements, Brenon can pursue his claim in Indiana and the Board is free under the Full Faith and Credit Clause to grant an award of compensation in accord with the worker's compensation laws of the State of Indiana. *See Indus. Comm'n of Wis. v. McCartin*, 330 U.S. 622.

We further note that the Board made no findings with respect to these reservation of rights clauses found in the Wisconsin settlement agreements. Further, no challenge has been made to the validity and/or enforceability of the settlement agreements. Omega was part of

9

the negotiations that resulted in the settlement agreements and could have sought to include a provision therein that would have precluded Brenon from pursuing his worker's compensation claim in Indiana. Instead, the settlement agreements that were negotiated by Omega contained express provisions preserving Brenon's right to pursue his worker's compensation claim in Indiana.

We further conclude that the Board erred in relying upon the doctrine of collateral estoppel as a basis for dismissing Brenon's claim. "Collateral estoppel operates to bar a subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in the subsequent lawsuit." *Connecticut Indem. Co. v. Bowman*, 652 N.E.2d 880, 882 (Ind. Ct. App. 1995) (quoting *Sullivan v. American Cas. Co. of Reading, Pa.*, 605 N.E.2d 134, 137 (Ind. 1992)).

The Board concedes in its brief that there was no adjudication of facts leading to the award of benefits in Wisconsin. Indeed, the award of benefits to Brenon was pursuant to negotiated settlement agreements executed between Brenon and Omega and its worker's compensation insurance carriers in Wisconsin. Brenon did not have a full and fair opportunity to litigate the issues in Wisconsin. There is therefore no basis for application of the doctrine of collateral estoppel.

In summary, the Board's decision dismissing Brenon's claim for worker's compensation benefits is not sustainable under the doctrine of collateral estoppel, the laws of the State of Wisconsin, or Supreme Court precedent. Further, the Board's decision gave no

10

effect to the reservation of rights clauses contained in the settlement agreements. We therefore reverse the Board's dismissal of Brenon's claim and remand for further proceedings.

Judgment reversed.

MAY, J., and BARNES, J., concur.