538 P.2d 1158

**Anderson COFER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Reliable Maintenance Sales and Service, Inc., Respondent Employer,**

**Allstate Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 1216.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 14, 1975.

Rehearing Denied Oct. 10, 1975.

Review Denied Nov. 4, 1975.

Jerome & Gibson, P.C., by D. A. Jerome, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Shimmel, Hill, Bishop & Gruender, P.C., by J. Russell Skelton, Phoenix, for respondents employer and carrier.

## OPINION

WREN, Judge.

This appeal is by writ of certiorari to test the lawfulness of an award for a non-compensable claim by the Industrial Commission of Arizona. We affirm.

Petitioner, Anderson Cofer, a resident of Texas, was injured in Arizona on July 4, 1972, while employed as a truckdriver for respondent employer, Reliable Maintenance Sales and Services, Inc. (employer), a Texas company. As a result of the accident, petitioner was hospitalized in Arizona from July 4, 1972, until the following November when he returned to his home in Texas with a permanent, total disability.

The respondent insurance carrier, Allstate Insurance Company (carrier), immediately initiated payment of compensation and medical benefits under the Texas Workmen's Compensation Act without the filing of a claim by petitioner. Scott Peters, a representative of the carrier, testified that petitioner was eligible for the maximum compensation permitted in Texas of $49.00 per week. He further stated that he sent the first check on July 10, 1972, four days after he was notified of the injury.

On July 27, 1972, petitioner employed Texas counsel, H. G. Wells, to represent him. Wells filed a workman's report of injury with the Industrial Commission of Arizona on September 8, 1972. After notification by the Commission that the report must be signed by the petitioner, a second and signed report was filed on October 2, 1972. On October 24, 1972, the carrier issued a Notice of Claim Status denying petitioner's claim for benefits under the Arizona act. Following petitioner's request for hearing, the case was submitted on depositions and memoranda without a formal hearing.

Peters testified that he was first apprised that Wells represented petitioner on August 14, 1972; that he received a copy of the employment contract between petitioner and Wells on November 21, 1972; and that the contracted was dated July 22, 1972. Peters also noted that a letter from Wells dated August 14, 1972, advised him that petitioner intended to apply for compensation under the Arizona Workmen's Compensation Act. The letter however, was not mailed to Peters until November 17, 1972.

Petitioner contends that he had a right to choose between Texas and Arizona industrial benefits, and that he was denied an opportunity to effectively do so. He points to the fact that the carrier commenced payments under the Texas act prior to the filing of any claim in Texas by petitioner, and that it did so because the compensation benefits in Texas were considerably less than in Arizona. He asserts that under Texas statutes, it is the injured employee and not the carrier who is entitled to choose the forum.

■■■ We agree that petitioner had the right to choose. We do not agree, however, that the facts support petitioner's complaint that compensation and other benefits were forced upon him by the carrier without an opportunity for independent election. It is not illogical that a resident of Texas, employed in Texas by a Texas employer, who receives an injury covered by the Texas Workmen's Compensation Act, and under which a Texas claims representative was subsequently notified, should be paid Texas compensation benefits. Furthermore, Peters testified that an insurance carrier in Texas customarily begins payment in such cases before any formal claim is received. The actions of the carrier cannot be faulted under these facts.

It was not the *first* payment to petitioner by the carrier which constituted an election of remedies and foreclosed any other course. It was the fact that petitioner accepted the payment and others like it for a period of approximately four months. None of the benefit checks received by petitioner was refused or returned, nor was any objection to such payment voiced by either petitioner or his attorney. In fact,

Wells advised Peters by letter dated September 5, 1972, that he was revising his contract with petitioner, and further, he inquired in the letter as to continuation of Texas benefits for his client.

■ At the time of his injury petitioner was free to pursue industrial remedies in either state. Having chosen however, to accept and retain Texas benefits for an extended period, he is precluded from further compensation for the same injury in Arizona. He has not suggested that there was no finality to the Texas claim and the benefits received. Moreover, Texas Industrial Accident Board Decisions are considered final judgments and binding on the parties. *LeJeune v. Gulf States Utilities Co.,* 410 S.W.2d 44 (Tex.Civ.App.1966).

While we agree with petitioner that the hearing officer's determination that petitioner "applied for" benefits in Texas might well be erroneous, we do not agree that his subsequent action or inaction did not constitute an election of remedies under Texas law,[1] to which Arizona must give full faith and credit. *See Magnolia Petroleum Co. v. Hunt,* 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943).[2]

The award is affirmed.

NELSON, P. J., and STEVENS, J., concurring.

1. Vernon's Ann.Tex.Civ.St. Art. 8306, Sec. 19 provides as follows:
    "If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury received outside of the State . . . .
    ". . . [P]rovided, further, that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred."

2. Although *Magnolia* is squarely in point on the facts and applicable law, we find it to be a questionable interpretation of the Texas statute, since in *Magnolia,* as here, there had been no prior attempt by the employee to recover in the state where the injury occurred. It would appear to us that the converse of the statute does not necessitate the concept of full faith and credit as to a prior Texas award.
    The statute does not go on to say what the *Magnolia* opinion reads into it; that if the employee first obtains compensation in Texas he shall not thereafter be eligible for compensation outside the state. The present Texas statute, Art. 8306 Sec. 19, is materially unchanged from that considered in *Magnolia.*
    The only legal issue here should be the election of remedies under Arizona law. *See City Products Corporation v. Industrial Commission,* 19 Ariz.App. 286, 506 P.2d 1071 (1973). However, we cannot presume to possess the authority to overrule *Magnolia,* and it must therefore stand as the law of the case.