571 P.2d 712

**J. L. JORDAN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Robert Brown, Respondent Employee.**

**No. 1 CA–IC 1715.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 8, 1977.

Chandler, Tullar, Udall & Redhair, William J. Augustine, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Comn. of Arizona, Phoenix, for respondent.

Davis, Eppstein & Tretschok, P. C., Philip J. Hall, Tucson, for respondent employee.

## OPINION

OGG, Presiding Judge.

This special action presents two questions for our review: Did the respondent employee Robert Brown sustain his burden of proof with respect to his entitlement to Arizona workmen's compensation benefits? Did the employee make an election to accept Texas benefits so that he is now estopped to claim Arizona benefits?

The respondent employee Robert Brown was hired in April, 1975, at Tucson, Arizona, by an agent of the petitioner J. L. Jordan, the owner of the Jordan Trucking Company, a Texas corporation. Brown was injured in a truck accident in Texas on December 5, 1975, while working as a co-driver on a Jordan owned cattle truck. The record shows that the employee was an Arizona resident and all his truck hauls involved picking up cattle in Arizona, New Mexico and Texas and delivering them to locations in Arizona and California. All his trips were logged out of Tucson.

After the accident the employee was given medical care in Texas and was then returned to Arizona for hospitalization and medical treatment under the care of Dr. Philip Volk. Dr. Volk prepared a workmen's report of injury which the employee signed on December 13, 1975, and which was filed with the Arizona Industrial Commission on January 2, 1976. The claim was initially denied as non-compensable but upon review the decision was reversed and the claim was found compensable. The employer then filed this special action to review the award.

## WAS THE EMPLOYEE ENTITLED TO ARIZONA BENEFITS?

The statute controlling an employee's entitlement to workmen's compensation benefits when the industrial injury occurs outside this state is ARS § 23–904 A, which reads in pertinent part:

> If a workman who has been hired or is regularly employed in this state receives a personal injury by accident arising out of and in the course of such employment, he shall be entitled to compensation according to the law of this state even though the injury was received without the state.

An appellate court must view disputed evidence in a light most favorable to sustaining the findings of the trier of fact. Such an award will not be set aside if it is reasonably supported by the evidence. *Micucci v. Industrial Commission,* 108 Ariz. 194, 494 P.2d 1324 (1972); *Valdon v. Industrial Commission,* 103 Ariz. 547, 447 P.2d 239 (1968).

The record shows the employee was hired in Arizona and regularly worked out of Arizona on his driving assignments for the Texas employer. The accident occurred in the course of his employment while serving as a co-driver on a cattle truck. Pursuant to the provisions of ARS § 23–904 A it was proper to award coverage under Arizona workmen's compensation even though the injury was received in Texas.

## ELECTION OF REMEDIES ISSUE

Now that we have determined the employee was eligible for Arizona benefits we

must examine the more difficult issue of the election of remedies. The employer contends that the employee is barred from receiving Arizona benefits because of his acceptance of 47 payments of Texas benefits.

The employer relies upon the case of *Cofer v. Industrial Commission,* 24 Ariz.App. 357, 538 P.2d 1158 (1975). In *Cofer* the employee, a resident of Texas, had been employed in Texas by a Texas employer and injured while working in Arizona. The court essentially held that the employee's acceptance of Texas compensation benefits for a period of approximately four months precluded him for further compensation for the same injury in Arizona. The court found that under Texas law the decision of the Texas Industrial Accident Board is to be considered a final judgment which is to be accorded full faith and credit in this state.

We distinguish this case from *Cofer* on the grounds that the employee here was a resident of Arizona who was hired and regularly employed in this state and therefore was covered by the provisions of ARS § 23–904 A.

It is also our opinion that *Cofer* covered a particular fact situation and is not in line with the general case law of this state which holds that an award in one state does not bar a further and subsequent award in a second, based on the difference in the amount of benefits allowed in the two states. In *City Products Corp. v. Industrial Commission,* 19 Ariz.App. 286, 506 P.2d 1071 (1973), this court found that an Arizona resident hired in Arizona to work in California was entitled to Arizona benefits although he had claimed and received compensation under the industrial compensation laws of California. In *Agee v. Industrial Commission,* 10 Ariz.App. 1, 455 P.2d 288 (1969), this court awarded Arizona industrial benefits to an employee who was a Colorado resident, hired in Colorado by a Colorado truck firm, and injured on a scheduled truck run in Arizona. This court held that he was entitled to Arizona benefits although he had received a lump sum industrial award in Colorado. This issue is discussed in 4 A. Larson, *Workmen's Compensation Law,* § 85.00 (1977);

More than one statute can apply to a single compensable injury, so long as it has a relevant interest in the case. Successive awards can be made in different states, deducting the amount of the first award from the second.

See also *Industrial Commission v. McCartin,* 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140 (1947).

In the case under consideration the hearing officer ordered that the employer was to be given full credit under the Arizona award for all sums expended in providing the employee with Texas benefits.

We find the award in this case to be supported by ARS § 23–904 A, the *City Products* and *Agee* decisions of this court and the general industrial law of the United States.

The award is affirmed.

SCHROEDER and DONOFRIO, JJ., concur.