597 P.2d 1011

**Darrell J. LOWERY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Yellow Freight Systems, Inc., Respondent Employer,**

**Yellow Freight Systems, Inc., c/o Arizona Adjustment Agency, Respondent Carrier.**

**No. 1 CA–IC 1940.**

Court of Appeals of Arizona, Division 1, Department C.

May 10, 1979.

Rehearing Denied June 11, 1979.

Review Denied July 17, 1979.

---

Jerome & Gibson, P. C. by D. A. Jerome, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Lewis & Roca by Merton E. Marks, Phoenix, for respondents employer and carrier.

## OPINION

FROEB, Judge.

Petitioner, Darrell J. Lowery, was injured in Arizona in 1977 while working as a truck driver for his New Mexico-based employer, Yellow Freight Systems, Inc. Because his employer, who is self-insured in both states, filed a first report of injury in New Mexico, petitioner became entitled to New Mexico industrial benefits without having filed there himself. Before receipt of his first New Mexico benefit payment, petitioner filed a workmen's compensation claim in Arizona. Respondents filed a motion to dismiss for lack of jurisdiction and convinced the hearing officer that the Industrial Commission of Arizona lacked jurisdiction since petitioner had "elected" to pursue his rights in New Mexico.

On appeal petitioner questions whether the award is supported by the evidence and law. We find that the award is not so supported and set it aside.

Finding number 4 states:

That the applicant herein, having sought and accepted benefits under the New Mexico Workmen's Compensation Act has made an exclusive election and is therefore precluded from receiving benefits pursuant to the Arizona Workmen's Compensation Act. Accordingly, his claim for benefits should be dismissed for lack of jurisdiction.

We turn first to the question of jurisdiction. The statute dealing with jurisdiction when another state is involved is A.R.S. § 23–904. It reads:

EFFECT OF INJURY WITHOUT THE STATE; RIGHT TO COMPENSATION OF OUT–OF–STATE EMPLOYEE INJURED WITHIN STATE

A. If a workman who has been hired or is regularly employed in this state receives a personal injury by accident arising out of and in the course of such employment, he shall be entitled to compensation according to the law of this state even though the injury was received without the state.

B. If a workman who has been hired without this state is injured while engaged in his employer's business, and is entitled to compensation ·for the injury under the law of the state where he was hired, he may enforce against his employer his rights in this state if they are such that they can reasonably be determined and dealt with by the commission and the courts in this state.

■ The record supports the hearing officer's findings that petitioner is a New Mexico resident and that the accident occurred in Arizona. There is also evidence that petitioner was hired in Arizona. Without question, then, the Industrial Commission of Arizona has jurisdiction over petitioner's claim.

We turn, then, to the main question, which is whether petitioner made an "exclusive election" under the New Mexico compensation act. Respondents' argument is that the New Mexico compensation act not only excludes any other remedy in New Mexico for an injured employee, but that it also, if elected by the employee, excludes the right to recover benefits in any other state. Respondents' argument continues that petitioner made an election of this exclusive remedy, and, because Arizona must give the New Mexico law full faith and credit, the case was properly dismissed.

Respondents rely heavily on *Cofer v. Industrial Commission*, 24 Ariz.App. 357, 538 P.2d 1158 (1975). The *Cofer* decision denied recovery under Arizona law to an employee who, prior to filing in Arizona, accepted four months' benefit payments from Texas which were paid voluntarily to him after his employer filed a report of injury. The court in *Cofer* recognized that the claimant has the right to choose in which jurisdiction to pursue his remedy, but held that Cofer's acceptance of the voluntarily made payments constituted an election by which he was bound because of the exclusiveness of the Texas compensation act as construed by the United States Supreme Court in *Magnolia Petroleum Corp. v. Hunt*, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943). *Magnolia* held that the language of the Texas statute which states "no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury has occurred," Vernon's Ann.Tex.Civ.St. art. 8306, § 19, also means that if an employee has recovered in Texas, he may not then seek recovery in another interested state.

Petitioner, on the other hand, argues that since the United States Supreme Court decision in *Industrial Commission of Wisconsin v. McCartin*, 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140 (1947), *Magnolia* is no longer the law because *McCartin* requires that any statute purporting to be exclusive extraterritorially must so state in "unmistakable language." Also, petitioner urges that *Jordan v. Industrial Commission*, 117 Ariz. 215, 571 P.2d 712 (App.1977) effectively overrules *Cofer*. In *Jordan*, as in· *Cofer*, the employee had received several voluntary Texas com-

pensation payments before filing in Arizona. The *Jordan* decision allowed the employee to pursue his Arizona remedy which would be offset by his Texas recovery. The *Jordan* opinion expressed disapproval of *Cofer*, but distinguished it on the basis that Jordan was an Arizona resident claiming under § 23–904A, while Cofer was a Texas resident claiming under § 23–904B.

 Neither *Jordan* nor *Cofer*, however, is determinative of the outcome because this case involves the New Mexico compensation act, which, we hold, is not extraterritorily exclusive. The New Mexico act does not meet the *McCartin* requirement that the exclusiveness be set out in "unmistakable language." While it has been questioned whether the *Magnolia* interpretation of the exclusiveness of the Texas compensation act is valid in light of the *McCartin* requirement of "unmistakable language,"[1] we need not determine the matter here because the New Mexico statutes are phrased in less restrictive language than the Texas statutes. As a matter of fact, the New Mexico statutes contain a provision which is the converse of the Texas provision earlier quoted. N.M.S.A. § 59–10–33.2, as it read at all times pertinent to this case, provided that "[t]he payment or award of benefits under the workmen's compensation law of another state . . to an employee . . . otherwise entitled on account of such injury . . . to the benefits of this act . . . shall not be a bar to a claim for benefits under this act . . . ."[2]

Further, we do not find a conflict in the policy of N.M.S.A. § 59–10–33.2 and that of other New Mexico statutes which abolish other remedies for workmen against employers. For example, N.M.S.A. § 59–10–4D[3] stated that an employer's compliance with the compensation act "shall be . . a surrender by the employer and the employee of their rights to any other method, form or amount of compensation or determination thereof, or to any cause of action at law, suit in equity or statutory or common-law right [to] remedy or proceeding whatever . . . ." N.M.S.A. § 59–10–5[4] provided that an employer who has complied with the compensation act "shall not be subject to any other liability whatsoever . . . and all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and remedies . . . are hereby abolished . . . ." N.M.S.A. § 59–10–6[5] stated that the right to compensation under the act is "in lieu of any other liability whatsoever . . . ." New Mexico's abolition of all remedies except the compensation act does not address the issue of subsequent recoveries in other interested states, much less dispose of the issue in unmistakable language.

 Moreover, since the New Mexico "exclusiveness" sections did not expressly provide for extraterritorial effect, they were, to that extent, similar to the Illinois sections on which *McCartin* was decided. Furthermore, the New Mexico sections contained language which is similar to the language in the North Dakota compensation act discussed in *Cook v. Minneapolis Bridge Construction Co.*, 231 Minn. 433, 43 N.W.2d 792 (1950). The North Dakota act provided, for example, that "payment of compensation . . . shall be in lieu of any and all rights of action whatsoever." 5 North Dakota Rev. Code (1943) § 65.0506. The Minnesota Supreme Court held that, since the North Dakota law did not expressly preclude proceedings in another state, the

1. *See* 4 Larson, *Workmen's Compensation Law*, § 85.30; *Semler v. Psychiatric Institute of Washington, D. C.*, 188 U.S.App.D.C. 42, 575 F.2d 922 (1978), fn. 41; *Cofer v. Industrial Commission*, 24 Ariz.App. 357, 538 P.2d 1158 (1975), fn. 2.

2. The 1978 compilation of the New Mexico statutes includes a Table of Corresponding Code Sections which gives parallel citations of the 1953 and 1978 compilation section numbers. The 1978 N.M.S.A. designation for § 59–10–33.2 of the 1953 compilation is § 52–1–65.

3. The 1978 N.M.S.A. designation is § 52–1–6.

4. The 1978 N.M.S.A. designation is § 52–1–8.

5. The 1978 N.M.S.A. designation is § 52–1–9.

*McCartin* rule entitled the claimant to pursue a subsequent award in Minnesota. We conclude that the New Mexico act does not prohibit subsequent proceedings in Arizona in this case.

Thus, the question of election of remedies is irrelevant because no choice between an extraterritorially "exclusive" remedy in New Mexico and a remedy in Arizona has been presented to petitioner. Where an employee is otherwise entitled to benefits in Arizona, he will not be barred by a prior "nonexclusive" award in another state, but his recovery will be offset by the amount of the prior award. *City Products Corporation v. Industrial Commission*, 19 Ariz.App. 286, 506 P.2d 1071 (1973); *Agee v. Industrial Commission*, 10 Ariz.App. 1, 455 P.2d 288 (1969); *Collins v. American Buslines, Inc.*, 79 Ariz. 220, 286 P.2d 214 (1955), *reversed on other grounds*, 350 U.S. 528, 76 S.Ct. 582, 100 L.Ed. 672 (1956). Full faith and credit is afforded to the New Mexico award in this case because its amount will be deducted from any sum to which petitioner may be entitled under Arizona law.

Since the Arizona Industrial Commission does have jurisdiction and since there was no full faith and credit or election of remedies bar to petitioner's pursuit of his remedy under Arizona law, we set aside the hearing officer's award dismissing the claim.

EUBANK, P. J., and HAIRE, J., concur.