GULF INTERSTATE GEOPHYSICAL/GULF INTERSTATE PIPING, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (John Davis, Appellee).

Fifth District (Industrial Commission Division)   No. 5—89—0396WC

Opinion filed April 27, 1990.—Rehearing denied July 9, 1990.

Stevenson, Rusin & Friedman, Ltd., of Chicago (Douglas F. Stevenson, of counsel), for appellant.

Nancy K. Hall, of Nancy K. Hall, Ltd., of Mt. Vernon, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

On January 31, 1982, claimant, John Davis, was working in Indiana for respondent, Gulf Interstate Piping and Construction Company, pursuant to an employment contract made in Illinois. While working on a pipeline in Washington, Indiana, claimant twisted a knee and sustained cartilage damage, which necessitated surgery. Pursuant to the Indiana Workmen's Compensation Act of 1929 (Ind. Code §22—3—2—1 *et seq.* (19___)), claimant was paid 44 weeks of temporary total disability and all of his medical bills. By an agreement dated February 2, 1984, which was approved by the Industrial Board of Indiana on April 24, 1984, claimant and respondent entered into a settlement agreement which fixed the permanent partial disability lump-sum settlement figure at $2,670. This figure represented 35.6 weeks or a compromise of 15% and 20% of the leg, at the Indiana rate of $75 per week. The exact wording of the agreement was as follows:

"This is the final PPI settlement agreement permanent disability settlement [*sic*]; based on a promise [*sic*] of 15% and 20% of the extremity, equals 35.6 weeks at $75 per week for a total settlement of $2,670.00."

In connection therewith, claimant executed a waiver, wherein he accepted the impairment rating of between 15% and 20% of the leg and waived his right to an impairment rating by any other physician.

On or about March 1, 1984, respondent's insurance carrier issued a check to claimant for $2,670. In a box of the payment document entitled "PAYMENT OF CLAIM OR ACCOUNT AS FOLLOWS," the following information was typed in:

"full and final PPI rating approved by Ind Board, clmt and attys; any and all[.]"

Claimant endorsed the check without reservation.

On November 26, 1984, claimant filed an application for adjustment of claim, pursuant to the Illinois Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*). He was seeking a supplemental award to that which he had received in Indiana. The application sought compensation for the same accident and same knee damage that had been the basis for the Indiana workers' compensation claim and settlement.

Before an arbitrator, respondent sought to dismiss claimant's application for want of jurisdiction, arguing that the Indiana settlement precluded claimant from pursuing a worker's compensation claim in Illinois. The arbitrator held that the Indiana settlement "and the ac-

ceptance of payment of that settlement 'in full' constitutes an 'accord and satisfaction' and an 'estoppel' requiring the dismissal of the application for adjust [*sic*] of claim filed here in Illinois."

In reversing the arbitrator's decision, the Industrial Commission (Commission) found that neither the settlement agreement, the waiver, nor the endorsed check contained any statement that the agreement was in settlement of claims in jurisdictions other than Indiana, or a waiver of rights in other jurisdictions. It further found that an Indiana settlement agreement which neither states that it is made in settlement of claims in all jurisdictions nor waives the right to pursue remedies in other jurisdictions did not prevent claimant from pursuing his claim in Illinois. The circuit court of Franklin County confirmed the Commission's decision, and this appeal followed.

■ Respondent initially maintains that Illinois jurisdiction is barred by *res judicata* under the full faith and credit clause of the United States Constitution (U.S. Const., art. IV, §1), which reads:

"Full Faith and Credit shall be given in each State to the Public Acts, Records, and Judicial Proceedings of every other state. And the Congress may by general laws prescribe the manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

Citing *Magnolia Petroleum Co. v. Hunt* (1943), 320 U.S. 430, 88 L. Ed. 149, 64 S. Ct. 208, respondent contends that a final resolution of a worker's compensation claim is *res judicata*, and a worker's compensation claim for the same injury cannot be asserted again in another State.

Three United States Supreme Court cases deal specifically with this issue, namely, *Thomas v. Washington Gas Light Co.* (1980), 448 U.S. 261, 65 L. Ed. 2d 757, 100 S. Ct. 2647, *Industrial Comm'n v. McCartin* (1947), 330 U.S. 622, 91 L. Ed. 1140, 67 S. Ct. 886, and *Magnolia Petroleum Co. v. Hunt* (1943), 320 U.S. 430, 88 L. Ed. 149, 64 S. Ct. 208.

In *Magnolia Petroleum*, an oil field worker was employed in Louisiana and, in the course of his employment, was sent by his employer to work in Texas, where he was injured on the job. He sought and received a workmen's compensation award in Texas, and subsequently, he filed a workmen's compensation claim in Louisiana. The Court found that the Texas compensation award was made explicitly in lieu of any other recovery for the employee's injury, preventing any recovery under the laws of another State. In a 5 to 4 decision, the *Magnolia* Court held that the full faith and credit clause (U.S. Const., art. IV, §1) precluded an employee, who had received a workmen's com-

pensation award for injuries received in one State, from seeking supplementary compensation in another State where he had been hired.

In *McCartin*, a bricklayer entered into an employment contract in Illinois and worked in Wisconsin, where he suffered a job-related eye injury and filed a workmen's compensation claim with the Industrial Commission of Wisconsin. Subsequently, he filed a claim with the Illinois Industrial Commission. The worker settled his Illinois claim. The settlement agreement stated, in part, "This settlement does not affect any rights that applicant may have under the Workmen's Compensation Act of the State of Wisconsin." (*McCartin*, 330 U.S. at 629, 91 L. Ed. at 1144, 67 S. Ct. at 889.) This clause was put in the agreement at the behest of claimant, who had been informed by Wisconsin's Industrial Commission that he was eligible for a supplemental award in Wisconsin after recovering in Illinois. The Wisconsin Industrial Commission ordered a supplemental award to the claimant.

The *McCartin* Court found nothing in the relevant Illinois statute that was designed to preclude any recovery by proceedings brought in another State for injuries arising under Illinois employment.

The Court then stated:

> "And in light of the rule that workmen's compensation laws are to be liberally construed in furtherance of the purpose for which they were enacted, [citation], we should not readily interpret such a statute so as to cut off an employee's right to sue under other legislation passed for his benefit. *Only some unmistakable language by a state legislature or judiciary would warrant our accepting such a construction.* Especially is this true where the rights affected are those arising under legislation of another state and where the full faith and credit provision of the United States Constitution is brought into play." (Emphasis added.) 330 U.S. at 628, 91 L. Ed. at 1144, 67 S. Ct. at 889.

The Court then found another basis for its decision, namely, that the language of the settlement agreement noted above stated that the agreement did not affect any rights claimant may have under the Wisconsin Compensation Act.

The Court further stated:

> "But when the reservation in this award is read against the background of the Illinois Workmen's Compensation Act, it becomes clear that the reservation spells out what we believe to be implicit in that Act—namely, that an Illinois workmen's compensation award of the type here involved does not foreclose an additional award under the laws of another state. And in the

setting of this case, that fact is of decisive significance." 330 U.S. at 630, 91 L. Ed. at 1145, 67 S. Ct. at 890.

In a unanimous decision, the Court concluded that because the Illinois award was final solely as to rights under Illinois law, Wisconsin could under the full faith and credit clause grant a supplemental award to claimant under its own laws.

In *Thomas v. Washington Gas Light Co.* (1980), 488 U.S. 261, 65 L. Ed. 2d 757, 100 S. Ct. 2647, the claimant was a resident of the District of Columbia, who was hired in same, but suffered a job-related injury in Virginia. Claimant received compensation under Virginia Workmen's Compensation Act. On appeal, the employer argued that the Virginia award excluded all other recovery for the injury and that the full faith and credit clause precluded a supplemental award for said injury under the District of Columbia Workmen's Compensation Act.

The *Thomas* Court, a plurality of four justices, reexamined the full faith and credit clause as it related to supplemental workers' compensation awards. The Court found that the rule in *McCartin*, which authorized a State to draft or construe its workers' compensation statute so as to preclude a compensation award in another State, represented an unwarranted delegation to the States of the Supreme Court's responsibility to be the final arbitrator of full faith and credit decisions. The "unmistakable language" test of *McCartin*, thus, was an unacceptable basis upon which to distinguish *McCartin* from *Magnolia*.

The *Thomas* plurality noted both that State cases overwhelmingly followed *McCartin*, applying the unmistakable language test to permit supplemental awards, and that the States had placed little reliance upon the *Magnolia* case.

*Stare decisis* concerns aside, the *Thomas* plurality sought to freshly examine the full faith and credit clause as it applied to supplemental workers' compensation awards. First, it found that the employer and its insurer had to measure their potential liability under the laws of either the District of Columbia or Virginia, as claimant could seek compensation in either State. It followed then that a State's interest in limiting the potential liability of businesses within the State was not controlling. Moreover, the State's interest in providing adequate compensation to injured workers would be served by successive awards.

The Court then found that the Virginia Industrial Commission, while responsible for establishing a claimant's rights under Virginia laws, could not determine his rights regarding compensation in the

District of Columbia. Full faith and credit must, of course, be given to the Virginia award as far as it went, but said determination could not preclude claimant's rights to a supplemental award in the District of Columbia. There could be no objection to a fresh adjudication of those rights in the District of Columbia.

Further, whether or not claimant initially sought compensation from the less generous jurisdiction, the vindication of the State's interest in placing a ceiling on employer's liability would inevitably impinge upon the substantial interests of the second jurisdiction in the welfare of the injured workers.

In conclusion, the *Thomas* plurality held that a State has no legitimate interest in precluding another State from granting a supplemental compensation award, when the second State would have had the power to apply its workers' compensation law in the first place.

Three justices concurred with the plurality's decision, concluding that the Virginia Workmen's Compensation Act lacks the unmistakable language which *McCartin* requires to prevent a supplemental award. Two justices dissented, arguing that *Magnolia* should be followed to determine the issue.

In effect, *Thomas* did not overrule either *Magnolia* or *McCartin*, the result of which is that we are still left with the *McCartin's* "unmistakable language" rule.

The respondent points to the following language found in the Indiana Workers' Compensation Act (Ind. Code §22—3—2—1 *et seq.* (19__)), as evidence of Indiana's intention of precluding supplemental awards.

> "If *** the employer and the injured employee *** reach an agreement in regard to compensation under IC 22—3—2 through IC 22—3—6, a memorandum of the agreement in the form prescribed by the [workers' compensation] board shall be filed with the board ***. If approved by the board, thereupon the memorandum shall for all purposes be enforceable by court decree as specified in section 9 of this chapter." (Ind. Code §22—3—4—4 (19__).)

Section 22—3—2—15 reads in relevant part:

> "No contract, agreement, written or implied, no rule, *** or other device shall, in any manner, operate to relieve any employer in whole or in part of any obligation created by [IC 22—3—]2 through [IC 22—3—]6 ***. (a) However, nothing in [IC 22—3—]2 through [IC 22—3—]6 *** shall be construed as preventing the parties to claims *** under chapters [IC 22—3—]2 through [IC 22—3—]6 *** from entering into voluntary agree-

ments in settlement thereof, but no agreement \*\*\* of settlement or compromise \*\*\* shall \*\*\* be valid until approved by a member of the board." Ind. Code §22—3—2—15 (19__).

■ We find nothing in said statutes resembling the "unmistakable language" required by *McCartin*. Nothing in the Indiana Workmen's Compensation Act states matter of factly that the agreement of settlement or compromise reached under Indiana law precludes a claimant's supplemental award in another State wherein the injured worker has a legitimate claim. Without such language, the full faith and credit clause does not bar a supplemental recovery under Illinois law.

Moreover, the actual language of the settlement agreement and the check for the lump-sum payment gave no indication that the parties intended the settlement to preclude claimant from applying for compensation in any other jurisdiction. On its face, the Indiana settlement merely forecloses claimant from seeking further recovery under Indiana law.

Contrary to respondent's assertion, we do not find *Long-Airdox Co. v. Industrial Comm'n* (1984), 128 Ill. App. 3d 334, to control here. In *Long-Airdox Co.*, claimant, a Missouri resident, was hired by respondent, a West Virginia company. On his first day of work, claimant was seriously injured on a job-related trip in Illinois. He signed an application for compensation of benefits under West Virginia law and received medical expenses and temporary total disability benefits. Claimant later filed application for adjustment of claim under Illinois law. At the time of the filing of the Illinois claim, the status of the West Virginia claim was unclear. No final disposition of the West Virginia claim was reflected in the *Long-Airdox Co.* record. Consequently, it did not reach the issue of whether the claimant's Illinois application for compensation was specifically barred by *res judicata*.

Next, respondent argues that, under the principal of accord and satisfaction, the Indiana settlement, agreed to by the parties, constitutes full and final payment in Indiana or any other State for claimant's injuries.

The cases cited by respondent, *Quaintance Associates, Inc. v. PLM, Inc.* (1981), 95 Ill. App. 3d 818, and *Koretz v. All American Life & Casualty Co.* (1968), 102 Ill. App. 2d 197, are not on point; both deal with contract disputes, not workers' compensation claims.

■ The Indiana settlement will be credited against any supplemental award that claimant, who is avowedly not seeking double recovery, will receive in Illinois. Indeed, the *Thomas* Court stated, "A supplemental award gives full effect to the facts determined by the

314

first award and also allows full credit for payments pursuant to the earlier award. There is neither inconsistency nor double recovery." *Thomas,* 448 U.S. at 281, 65 L. Ed. 2d at 773, 100 S. Ct. at 2661.

■ Further, accord and satisfaction applies to agreements which constitute full and final payment as to all jurisdictions. In the instant case, neither the Indiana settlement agreement nor the endorsed check, both cited above, contains any indication that the settlement was made in regard to all claims in all States. As the court below determined, the language on the check is subject to interpretation as to whether or not the parties intended it to be full and final for all claims in Indiana or full and final for all claims in any other States. Thus, the Commission did not err in finding that claimant could pursue a supplemental award for his injury.

Accordingly, the judgment of the circuit court confirming the Commission's decision is affirmed.

Affirmed.

BARRY, P.J., and McNAMARA, McCULLOUGH, and LEWIS, JJ., concur.