COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Annunziata
Argued at Alexandria, Virginia


UNITED AIRLINES, INC.
                                         OPINION BY
v.    Record No. 0313-00-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        NOVEMBER 7, 2000
MARK F. KOZEL


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Steven T. Billy (Pierce & Howard, P.C.,
            on brief), for appellant.

            Nikolas E. Parthemos (Parthemos & Bryant,
            P.C., on brief), for appellee.


      United Airlines, Inc. ("employer") contends the Workers'

Compensation Commission ("commission") erred in awarding

temporary total and medical benefits to Mark F. Kozel

("claimant").  On appeal, employer argues that claimant is

barred from receiving additional benefits on his claim because

he entered into a full settlement agreement of this claim in

Illinois.  We hold that this case is controlled by Thomas v.

Washington Gas Light Co., 448 U.S. 261 (1980), and affirm the

commission's decision.

                        I.  BACKGROUND

      "On appeal, we view the evidence in the light most

favorable to the claimant, who prevailed before the commission."

Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d

335, 340 (1998) (citations omitted). "'Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court.'" Id. (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)). "'The fact that there is contrary evidence in the record is of no consequence.'" Id. (quoting Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

Claimant was employed as a pilot for employer on August 5, 1992. While en route from Phoenix, Arizona to Washington, D.C., his plane was struck by lightning. Claimant felt an electrical charge in his right leg. He had resulting paresthesia and weakness in that leg.

The parties stipulated that claimant filed a claim for benefits in Virginia, received benefits under that claim and that an award order was issued. Claimant also filed a claim for benefits in Illinois, the location of employer's base of operations.

The parties further agree that: (1) claimant suffered a change in condition and that change in condition caused him to be totally disabled from employment beginning January 31, 1999; (2) the change in condition and the treatment therefor is causally related to the August 5, 1992 accident; (3) the parties entered into a settlement contract in Illinois; (4) claimant was represented by counsel in Illinois through negotiation,

-

acceptance and approval of the settlement; (5) the settlement contained language that settled all claims arising from this accident and specifically included the existing, concurrent Virginia claim; (6) claimant accepted and received benefits under the Illinois settlement and the Virginia claim; and (7) neither party submitted the Illinois settlement documents to the Virginia Workers' Compensation Commission for approval as required by Code § 65.2-701.

Employer argued before the deputy commissioner that Virginia was required to give full faith and credit to the Illinois settlement that excluded any further Virginia payments. In the alternative, it argued that the commission should have approved the Illinois settlement or allowed employer credit for the benefits received by claimant in Illinois. The deputy commissioner retroactively approved the Illinois settlement and denied claimant's request for temporary total benefits from January 31, 1999 and continuing, never reaching the full faith and credit issue. Claimant appealed the deputy commissioner's decision to the full commission.

In addressing the issue of full faith and credit, the commission declined to allow the findings of another state's administrative law agency interpreting and applying its own workers' compensation law to control Virginia's claim procedure. Using the United States Supreme Court's decision in Thomas, 448 U.S. 261, the commission reasoned that "one State has no

-

legitimate interest within the context of the federal system in preventing another State from granting a supplemental award of compensation benefits, when the second State would have had the power to apply its workers' compensation law in the first instance."  Illinois approved the 1998 settlement in the context of Illinois law, not Virginia's workers' compensation law.  The commission stated that Illinois had no power to include the language specifically settling the claimant's Virginia claim and, thus, the commission was not required to give full faith and credit to the Illinois settlement.

Employer also argued that the commission should have approved the 1998 Illinois settlement.  The commission refused to retroactively approve the Illinois settlement pursuant to Code § 65.2-701(A) which requires all parties to be in agreement before any settlement can be approved.  The commission awarded Kozel "temporary total disability benefits beginning January 31, 1999, and continuing until a change in condition warrants reconsideration thereof."  However, the commission granted employer's request for a dollar for dollar credit of the amount paid pursuant to the settlement.

## II.  Full Faith and Credit

Employer contends the Illinois settlement, barring further consideration of claimant's application for change in condition benefits in Virginia, should be afforded full faith and credit

-

by the commission.[1]  In support, employer cites <u>Osborne v. Osborne</u>, 215 Va. 205, 207 S.E.2d 875 (1974).  "'The constitutional mandate, as implemented by Congress, requires every state to give a foreign judgment at least the <u>res judicata</u> effect which the judgment would be accorded in the state which entered it.'"  <u>Id.</u> at 208, 207 S.E.2d at 879 (quoting <u>Durfee v. Duke</u>, 375 U.S. 106, 109 (1963)).  However, before accepting another state's judgment, each state must determine if the underlying state used a factual determination in arriving at the judgment.  "[T]here emerges the general rule that a judgment is entitled to full faith and credit . . . when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment."  <u>Durfee</u>, 375 U.S. at 111.  In the instant case, there is no evidence the Illinois Industrial Commission (IIC) made any factual finding prior to its approval of the settlement.  The only finding of any kind was the generic language used at the bottom of the settlement order that the lump sum settlement was in the best interests of the parties and should be approved.  This finding concerns only the application of the Illinois Workers' Compensation Act and is insufficient to

---

[1] Employer also argues that the principle of equitable estoppel bars the claimant from withdrawing his consent to the settlement.  Employer argues this issue was preserved by inference in the deputy commissioner's opinion.  After review of the record, we find the employer's equitable estoppel argument was not preserved and is barred by Rule 5A:18.

-

require the Virginia commission to give full faith and credit to the Illinois award.  See Thomas, 448 U.S. at 281-82.

Employer next contends that the rationale of Thomas does not control the instant case.  In Thomas, claimant received benefits under an award in Virginia and sought further benefits in the District of Columbia.  The benefits were not duplicative, and no agreement had been reached regarding benefits available to claimant in either state.  448 U.S. at 264-66.[2]  In the instant case, claimant entered into an agreement in Illinois with employer.  That agreement was approved by the IIC settling

---

[2] We note that while neither side in the instant case argued the rule set forth in Industrial Comm'n of Wis. v. McCartin, 330 U.S. 430 (1944), it applies to precisely the situation here. McCartin, one of a trilogy of Supreme Court cases on workers' compensation and full faith and credit, held that successive awards in different states are permitted; however, double recovery is not.  This is the accepted application of McCartin in most states.  See also Lowery v. Industrial Commission of Arizona, 597 P.2d 1011 (Ariz. 1979) (when employee is otherwise entitled to benefits in Arizona, he will not be barred by a prior "nonexclusive" award in another state, but his recovery will be offset by the amount of the prior award); Martin v. L. & A. Contracting Co., 162 So.2d 870 (Miss. 1964) (more than one statute can apply to a single compensable injury, so long as each state has a relevant interest in the case; successive awards can be made in different states, deducting the amount of the first award from the second); Gulf Interstate Geophysical/Gulf Interstate Piping v. Industrial Commission, 555 N.E.2d 989 (Ill. App. Ct. 1990) (a final award of workers' compensation benefits in Indiana did not preclude claimant from seeking supplemental award for same injury under Illinois workers' compensation law); and Landry v. Carlson Mooring Service, 643 F.2d 1080 (5th Cir. 1981) (full faith and credit did not require that judicially approved settlement of employee's Texas workers' compensation claim bar his subsequent assertion of claim under Longshoremen's and Harbor Workers' Compensation Act).

-

his rights under his Illinois claim. The agreement also included language that attempted to settle his future Virginia rights. Employer argues that the claimant gave Illinois the right and authority to terminate any future Virginia claims, including a change of condition request. We disagree.

The United States Supreme Court in Thomas stated: "To be sure, . . . the factfindings of state administrative tribunals are entitled to the same res judicata effect in the second State as findings by a court. But the critical differences between a court of general jurisdiction and an administrative agency with limited statutory authority forecloses the conclusion that constitutional rules applicable to court judgments are necessarily applicable to workmen's compensation awards." 448 U.S. at 281-82.

In its decision, the commission found:

> As shown by the document itself, this process involved the submission of a signed agreement reflecting the terms of the agreement, but there were no specific findings of fact or conclusions of law. There is no evidence regarding the basis upon which the Illinois Commission reviewed this information and reached its determination. Ultimately, it determined that the settlement--under Illinois law--was legally in the claimant's best interest. The Illinois Commission did not purport to, and could not have adjudicated the appropriateness of the proposed settlement under the laws of Virginia. Nonetheless, the Illinois Commission approved language in the settlement agreement that purported to foreclose the claimant's right to seek further relief before the Virginia

-

> Commission.  This is a determination that the Illinois Commission had no power to make.  Accordingly, pursuant to the Supreme Court's decision in Thomas, we are not bound by the Illinois Order under principles of comity.

We agree with the commission's reasoning.

### III.  Retroactive Approval of the Illinois Settlement

Employer next contends the commission should have approved the 1998 Illinois settlement.  The commission refused to retroactively approve the Illinois settlement pursuant to Code § 65.2-701(A),[3] which requires all parties to be in agreement before any settlement can be approved.  Claimant did not consent to the commission's approval of the Illinois settlement, see Damewood v. Lanford Bros. Co., 29 Va. App. 43, 509 S.E.2d 530 (1999), and in fact seeks continuing benefits.  Without agreement between the parties, the commission declined to approve the settlement.  See id. at 47, 509 S.E.2d at 532.  We affirm this finding.

### IV.  Credit

The purpose of the Workers' Compensation Act is to compensate a claimant for lost wages and medical benefits.  It is not the purpose of the Act to allow a claimant to be unjustly

---

[3] Code § 65.2-701(A) states "If after injury or death, the employer and the injured employee or his dependents reach an agreement in regard to compensation or in compromise of a claim for compensation under this title, a memorandum of the agreement in the form prescribed by the Commission shall be filed with the Commission for approval."

-

enriched.  The commission granted employer's affirmative request for a dollar for dollar credit, in the full amount of the settlement paid to claimant in Illinois.  The employer is entitled to credit for payments made in another state for the same accident and the same injuries.  See Harris v. Otis Elevator, 73 VWC 223, 225 (1994); Cook v. Minneapolis Bridge Construction Co., 43 N.W.2d 792 (Minn. 1950); Spietz v. Industrial Comm'n, 28 N.W.2d 354 (Wis. 1947).

For the foregoing reasons and finding no error, we affirm the commission's finding.

Affirmed.